In this action, Holiday Casino, Inc., appeals from the trial court's judgment holding that the final judgment rendered in the State of Nevada in Holiday's action against James Breedwell is not enforceable in the State of Alabama and enjoining enforcement of that judgment in this State.
From the evidence,[1] it appears that, while gambling at Holiday Casino, Inc., in Las Vegas, Nevada, James Breedwell executed certain negotiable instruments, known as "markers," to Holiday in an *Page 475 
aggregate amount of $15,000. Each of the markers contained an order for Breedwell's bank, the First State Bank of Albertville, to pay a certain sum of money to Holiday.
Upon presentment to the First State Bank of Albertville, the bank dishonored the markers for lack of sufficient funds. Subsequent efforts to collect the amount of the markers from Breedwell were unsuccessful. Thus, Holiday filed an action in the appropriate Nevada court and obtained a judgment against Breedwell in that court for the principal amount of the markers, together with interest, attorney fees, and costs.
Thereafter, Holiday filed an action in the Circuit Court of Marshall County, Alabama, to enforce the Nevada judgment under the Alabama version of the Uniform Enforcement of Foreign Judgments Act, see Ala. Code 1975, §§ 6-9-230 and -238. In doing so, Holiday filed an authenticated copy of the antecedent Nevada judgment, along with supporting affidavits, in the Alabama trial court. Breedwell appeared and sought, first, a temporary restraining order against the enforcement of the Nevada judgment, and, subsequently, general relief. The trial court entered a judgment holding that, although in personam jurisdiction was obtained upon Breedwell in Nevada, the Nevada judgment was, nevertheless, unenforceable within the State of Alabama because "the claim and judgment [are] based upon a gaming contract which, in Alabama, is void."
The ultimate issue before this court is whether, consistent with the Full Faith and Credit Clause of the United States Constitution, Article IV, § 1, an Alabama court may refuse to enforce a valid judgment from a sister state based on an Alabama statute that would prohibit such a judgment in an original action brought in our courts.
This issue, although one of first impression in this court, was addressed by the United States Supreme Court many years ago in Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039
(1908), wherein the Court held that the Full Faith and Credit Clause compelled Mississippi to enforce a valid Missouri judgment even though that judgment was for a gambling obligation specifically prohibited by the laws of Mississippi. For cases applying Fauntleroy, see, e.g., Harrah's Club v.Mijalis, 557 So.2d 1142 (La.App. 1990), cert. denied,559 So.2d 1387 (La. 1990); M R Investments, Inc. v. Hacker,511 So.2d 1099 (Fla.Dist.Ct.App. 1987); GNLV Corp. v.Featherstone, 504 So.2d 63 (Fla.Dist.Ct.App. 1987), cert. denied, 513 So.2d 1061 (Fla. 1987); Hargreaves v. Greate BayHotel Casino, 182 Ga. App. 852, 357 S.E.2d 305 (1987); GNLVCorp. v. Jackson, 736 S.W.2d 893 (Tex.App. 1987); In re Smith,66 B.R. 58 (D.Md. 1986); Conquistador Hotel Corp. v. Fortino,99 Wis.2d 16, 298 N.W.2d 236 (Ct.App. 1980); and Hilton Int'lCo. v. Arace, 35 Conn. Sup. 522, 394 A.2d 739 (1977). The holding in Fauntleroy, supra, is controlling here.
 "The Constitution of the United States, Article IV, Section 1, requires that 'full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.' The judgment of the court of another state having jurisdiction of the subject matter and persons is entitled to full faith and credit in Alabama courts. Hester v. Clinic Masters, Inc., 371 So.2d 915 (Ala.Civ.App. 1979), cert. denied, 371 So.2d 917 (Ala. 1979). The validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered. Forbes v. Davis, 187 Ala. 71, 65 So. 516
(1914)."
Wessinger v. First Federal Savings Loan Association of WarnerRobins, 533 So.2d 234 (Ala. 1988), quoting Morse v. Morse,394 So.2d 950, 951 (Ala. 1981). We are aware of the fact that no suit could have been originally brought and maintained on the gambling debt itself in the courts of our state. See Ala. Code 1975, § 8-1-150. However, this is not an action on the gambling debt itself, but an action to domesticate a valid judgment of a sister state. "A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was *Page 476 
founded is not open to inquiry, whatever its genesis."Milwaukee County v. M.E. White Co., 296 U.S. 268, 275,56 S.Ct. 229, 233, 80 L.Ed. 220 (1935). Thus, we reverse the judgment enjoining enforcement of the Nevada judgment and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] The appellee, James Breedwell, did not file a brief to this court.