In 1997, Jason Scott Crager, doing business under the name J 
E Logging, visited the Meridian, Mississippi, dealership of Stribling Equipment, Inc. ("Stribling"), to look at a bulldozer Stribling was offering for sale. Upon returning to his home in Chatom, Alabama, Crager signed a credit and retail charge application and a contract to purchase the bulldozer. Stribling accepted the application and delivered the bulldozer to Crager. The bulldozer malfunctioned at some point and Crager returned it to Mississippi for repairs. As of June 30, 1999, the balance on Crager's charge account at Stribling, which included the remainder of the purchase price of the bulldozer plus the costs of repairs, was $35,210.11.
On August 10, 1999, Stribling sued Crager in the Rankin Circuit Court in Mississippi to recover the principal balance on the account, interest at the rate of 8%, and attorney fees. The Washington County, Alabama, Sheriff's Department effected personal service upon Crager on August 23, 1999.
Crager's Alabama lawyer filed an answer. The answer did not challenge personal jurisdiction of the Mississippi court over Crager but asserted only the following affirmative defenses: "accord and satisfaction, estoppel, failure of consideration, payment, release, and waiver." The Alabama lawyer was not licensed to practice law in Mississippi, and Stribling moved to strike the answer on that ground and for the entry of a default judgment. Stribling's motion contained a certificate of service dated October 20, 1999, stating that it had provided a copy of the motion and a notice of the hearing on the motion, which was scheduled for November 23, to Crager's attorney. Crager's attorney notified Crager that the motion had been filed and the hearing set; he redrafted an answer that included the same responses and defenses that had been previously asserted and had Crager sign the answer pro se. Crager filed this answer on November 8, 1999.
On November 23, 1999, the trial court held a hearing on Stribling's motion. Crager did not appear at the hearing. The court entered a judgment for Stribling, adding that "the answer filed by the defendant is insufficient in law and should be stricken." The court characterized its ruling as a "judgment as a matter of law, pursuant to Rule 56 of the Mississippi Rules of Civil Procedure." The court awarded $46,946.81 plus prejudgment and postjudgment interest at the rate of 8% and court costs.[1]
Stribling filed a certified copy of the Mississippi judgment in its favor in the Washington Circuit Court for domestication. On February 8, 2002, the Washington Circuit Court entered an order domesticating the Mississippi judgment. The Washington County Sheriff's Department personally served Crager with a copy of the order domesticating the Mississippi judgment on February 10, 2002. On April 8, 2002, Stribling sought to execute the judgment by process of garnishment.
On December 12, 2002, Stribling filed a notice of deposition seeking to determine what assets Crager had. Crager appeared at the deposition, which was held on January *Page 302 
10, 2003. On January 21, 2003, Crager filed a motion for relief under Rule 60(b)(4), Ala. R. Civ. P., on the basis that the Mississippi judgment was void for lack of personal jurisdiction and that the entry of the default judgment violated Crager's due-process rights because he was not properly served with notice of Stribling's motion and the hearing to be held on that motion. On September 11, 2003, the trial court granted Crager's motion and set aside its previous order domesticating the Mississippi judgment. Stribling filed a motion to alter, amend, or vacate, which was denied on October 31, 2003. Stribling appeals.
 Standard of Review
Rule 60(b)(4), Ala. R. Civ. P., entitles a party to relief from a final judgment where the judgment is void. We review de novo the grant or denial of a Rule 60(b) motion.
 "If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
Satterfield v. Winston Indus., Inc., 553 So.2d 61, 64 (Ala. 1989) (quoted in Bank of America Corp. v. Edwards,881 So.2d 403, 405 (Ala. 2003)).
 Personal Jurisdiction
The United States Constitution, Article IV, Section 1, requires states to give "[f]ull faith and credit . . . to the public acts, records, and judicial proceedings of every other state." We have repeatedly given full faith and credit to the judgments of other states when the courts rendering the judgments have had proper jurisdiction. Holiday Casino, Inc. v. Breedwell, 581 So.2d 474,475 (Ala. 1991).
Stribling seeks to have us reverse the order of the Washington Circuit Court granting Crager's Rule 60(b)(4) motion. In that motion, Crager for the first time sought to collaterally attack the judgment of the Mississippi court for want of jurisdiction. If Crager is correct, the Mississippi court's judgment is void, is not due full faith and credit, and may be set aside. Rule 60(b)(4), Ala. R. Civ. P.; see also Walker v. Blackwell,800 So.2d 582, 586-87 (Ala. 2001). The validity of the judgment of the Mississippi court is determined by reference to the law of Mississippi. Breedwell, 581 So.2d at 475; Morse v. Morse,394 So.2d 950, 951 (Ala. 1981).
Upon receipt of a complaint, a defendant must assert "[e]very defense, in law or fact." Rule 12(b), Miss. R. Civ. P. The defendant has the option of raising certain defenses by motion instead of answer, but if he chooses not to file a motion, those defenses must be asserted in his answer. Rule 12(b), (g), and (h), Miss. R. Civ. P. Rule 12(h)(1), Miss. R. Civ. P., states:
 "A defense of lack of jurisdiction over the person . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), [2] or (B) if it is neither made by motion under this rule nor included in a responsive pleading. . . ."
Crager never filed a motion raising any defenses. Therefore, all defenses, both affirmative and those required by Rule 12(b), were to be asserted in his answer. Yet his answer did not challenge the jurisdiction of the Mississippi court over him. Crager's failure to challenge jurisdiction, *Page 303 
Stribling argues, constitutes a waiver of that defense.
Crager filed two answers in the Mississippi court — one by his attorney, who was not admitted to practice in Mississippi, and a subsequent one pro se. He notes that the court struck at least one of those answers and possibly both. He argues that if the court struck both answers, he should be treated as having never appeared before the court. In turn, he argues, because he never appeared, he may still collaterally attack the judgment under Rule 60(b)(4), Ala. R. Civ. P.
Whether a plaintiff whose answers are struck should be considered as having never appeared or should be treated as having appeared and thus having waived his defenses is an issue that has not been specifically resolved by Mississippi or Alabama courts.
However, we know that Mississippi agrees with the "relaxed" approach taken by the federal courts that have interpreted what constitutes an "appearance." Holmes v. Holmes, 628 So.2d 1361,1363-64 (Miss. 1993). An appearance can consist of actions somewhat less overt than filing documents or making a physical appearance in court. Id. In this case, it is undisputed that Crager — once through an attorney and once acting pro se — voluntarily filed an answer in the Mississippi court, and that neither of those answers challenged the jurisdiction of that court over Crager's person. Crager freely admits that he filed an answer. Under Mississippi law (as in Alabama), filing an answer clearly constitutes an appearance. Williams v. Chase ManhattanBank, 834 So.2d 718, 720 (Miss.Ct.App. 2003). We believe that Mississippi law would treat persons as having appeared once they have voluntarily filed an answer, regardless of whether that answer is later stricken because of a technicality. Therefore, we conclude that Crager waived his right to contest personal jurisdiction in the Mississippi court; thus, the Mississippi court had jurisdiction over Crager when it entered the judgment.
 Due Process
In Crager's Rule 60(b)(4) motion, he also argued that in entering the default judgment against him, the Mississippi trial court violated his right to due process because he was not properly served with notice of Stribling's motion for a default judgment and the hearing to be held on that motion. He contended 1) that the trial court did not strike his pro se answer and therefore it could not enter a default judgment against him and 2) that he was given no notice of the hearing on the motion to strike his answer and for a default judgment.
Crager's first argument has no merit. In challenging personal jurisdiction, Crager argued that the trial court must have struck both his answer and the answer filed by his Alabama attorney in order to enter a default judgment. Indeed this appears to be an accurate interpretation of the court's action. Crager cannot now argue that the court instead struck only the answer filed by his Alabama attorney and left his pro se answer untouched.
Crager's second argument is that the trial court denied him due process by failing to give him notice of the hearing. Initially, we recall that in his Rule 60(b) motion Crager attacked the judgment as void. "[A] judgment is void only if the court that rendered it lacked jurisdiction of the . . . parties, or if it acted in a manner inconsistent with due process of law." Bryant,Inc. v. Walters, 493 So.2d 933, 938 (Miss. 1986). However "[a] `due process' violation so gross as to make the *Page 304 
judgment void is extremely rare." Walters, 493 So.2d at 938 n. 4. We have concluded that Mississippi had jurisdiction over Crager; thus, we must determine whether Crager's due-process rights were violated.
Rule 5(b), Miss. R. Civ. P., provides:
 "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon party himself is ordered by the court."
In compliance with Rule 5(b), Crager's Alabama attorney was served with the motion and the notice of the hearing on the motion. As has been observed concerning the substantially similar Rule 5(b)(1), Fed.R.Civ.P.:
 "The requirement in Rule 5(b) that the papers in the action be served on the attorney is to be followed literally; although it may seem counterintuitive, service upon a party represented by an attorney does not comply with the rule. . . .
 "There are two basic exceptions to the rule that papers be served on the attorney. Under the first, service on a party is valid — indeed it is obligatory — if a party does not have an attorney or if the attorney has ceased to represent the party."
4B Charles Alan Wright Arthur R. Miller, Federal Practice andProcedure § 1145 (3d ed. 2002) (second paragraph quoted inDuckworth v. Strite, 748 So.2d 794, 797 (Miss.Ct.App. 1999)).
Therefore, we see no reason to conclude that service upon Crager, by way of his Alabama attorney, was defective in any way. So long as Crager was represented by the attorney at the time of service, and barring an explicit order by the trial court allowing an alternate method, service upon the attorney of record was the only method of effecting service. Therefore, Crager lacked any basis upon which to allege a due-process violation.
Furthermore, there is no indication that Crager's Alabama attorney withdrew as Crager's counsel of record. Even if he had, Stribling would not then have had to "re-serve" Crager personally when his former attorney had been earlier served. See, e.g.,Guam Econ. Dev. Auth. v. Ulloa, 841 F.2d 990, 993 (9th Cir. 1988) (debtor received adequate notice of motion where creditor served notice on debtor's former attorney, who was attorney of record at time of service).
Because we find no evidence indicating that Crager was in any way improperly served, we find that he had proper notice of the hearing on the motion for a default judgment.
Rule 55(b), Miss. R. Civ. P., states:
 "If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representation, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application. . . ."
As stated above, Crager "appeared" for purposes of this case; therefore, he was due notice of the hearing under Rule 55(b), Miss. R. Civ. P. He was given notice of the hearing when his attorney of record was served on October 20, 1999. The hearing was held on November 23, 1999, 34 days after service was effected. Because notice of the hearing was timely, we find no procedural defect in the granting of Stribling's motion for a default judgment. Accordingly, we conclude that Crager's due-process rights were in no way violated. *Page 305 
Because the Mississippi court had personal jurisdiction over Crager based on Crager's waiver of any defense against such jurisdiction and because Crager's due-process rights were not violated, the Mississippi court had jurisdiction over Crager and its judgment is not void.
We reverse the Washington Circuit Court's order granting Crager's Rule 60(b)(4) motion and remand the case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS, BROWN, and JOHNSTONE, JJ., concur.
WOODALL, J., concurs in the result.
[1] "Where there is a recovery in the court below of any amount other than costs, the amount claimed shall be deemed to be the amount involved." Ala. Code 1975, § 12-3-10. Because Stribling recovered interest in the court below, the amount in controversy exceeds the $50,000 jurisdictional floor for this Court. See Exparte Alabama Mobile Homes, Inc., 468 So.2d 156, 159 (Ala. 1985) ("Jurisdiction is determined by the amount of the recovery ordered by the lower court.").
[2] Subdivision (g) allows a party to consolidate multiple motions into one filing. Rule 12(g), Miss. R. Civ. P.