This appeal arises from a judgment of the Limestone Circuit Court granting a motion for relief from a domesticated judgment registered under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), Ala. Code 1975, § 6-9-230 et seq. Because we conclude, after consideration of the circumstances of this particular case and full-faith-and-credit principles, that the rendering court's personal jurisdiction could not properly be reexamined, we reverse.
In March 1995, Package Express Center, Inc. ("Package Express"), sued "Doug Maund, d/b/a Athens Pharmacy" in the Tennessee Chancery Court, Third Judicial District ("the Tennessee trial court"), seeking relief based upon an alleged breach of a noncompetition provision in a particular business agreement. In the complaint, Package Express alleged that the Tennessee trial court had jurisdiction over the subject matter and the parties based upon a clause in the business agreement *Page 1139 
specifying that the parties to the agreement consented to the exercise of personal jurisdiction by Tennessee courts. Maund filed a motion to dismiss the action, alleging that the Tennessee trial court lacked personal jurisdiction over Maund because he had allegedly not conducted business in Tennessee so as to have sufficient contacts with that state; he also alleged that he did not own Athens Pharmacy. Package Express sought, and was granted, leave to amend its complaint to name both Maund and EMM-DEE Drug Company, Inc. ("EMM-DEE"), d/b/a Athens Pharmacy, as defendants; the amended complaint again alleged the propriety of personal jurisdiction as to the defendants. Maund and EMM-DEE then filed an answer to the amended complaint alleging that the Tennessee trial court lacked personal and subject-matter jurisdiction.
In December 1997, Maund and EMMDEE filed a summary-judgment motion in the Tennessee trial court; that motion was denied. Later, in November 1999, Maund filed a summary-judgment motion in the Tennessee trial court as to the claims asserted against him, although no ruling was entered as to that motion before trial. Neither of those motions asserted a defect as to the Tennessee trial court's subject-matter or personal jurisdiction. The case was then tried in March 2000, and in May 2000, the Tennessee trial court issued a memorandum opinion in support of its judgment. In that opinion, the Tennessee trial court stated, in pertinent part:
 "Following the hearing on the merits, counsel were granted an opportunity to file post trial briefs regarding the issues joined. No issue remains as to the validity of the written agreement between [Package Express] and Athens Pharmacy. The primary issues presented for adjudication include (1) whether the subject covenant not to compete contained within said agreement constitutes an un-lawful restraint on trade, (2) whether said covenant may be applied prospectively for a period of 18 months from the judgment to be entered in this action, (3) the measure of damages claimed by [Package Express] and (4) whether any judgment should be entered against Mr. Maund individually."
The Tennessee trial court concluded, among other things, that injunctive relief should be awarded against both defendants and found that EMM-DEE was responsible for paying money damages to Package Express, noting that the parties had "stipulate[d] that if a Judgment is entered against Athens Pharmacy, EMMDEE Drug Company, Inc. is a legally responsible party." In addition, Package Express was expressly permitted to seek compensation from Maund should EMMDEE be unable to satisfy the damages aspect of the judgment. Significantly, there is no indication from the appellate record in this case that the defendants had contested the issue of the Tennessee trial court's jurisdiction during the trial despite their having pleaded the absence of personal and subject-matter jurisdiction.
Maund and EMM-DEE appealed from the Tennessee trial court's judgment, and the Tennessee Court of Appeals affirmed that judgment in part and reversed it in part. Package ExpressCtr., Inc. v. Maund, No. E2000-02059-COA-R3-CV (Tenn.Ct.App. May 30, 2001) (not reported in S.W.3d). The opinion of the Tennessee Court of Appeals states that, on appeal, the defendants had argued that "the covenant was not enforceable, the [Tennessee] Trial Court erred in applying the covenant not to compete prospectively for 18 months from the date of judgment, and erred in awarding money damages in addition to injunctive relief." There is no indication from the appellate court's opinion that that court was asked to reverse or vacate the Tennessee trial court's judgment on the basis that it was void for lack of jurisdiction. *Page 1140 
On remand, the Tennessee trial court issued a second memorandum opinion and entered a new judgment awarding Package Express nominal and incidental damages and attorney fees. No appeal was apparently taken from that judgment.
In July 2004, Package Express registered the Tennessee trial court's judgment in the Limestone Circuit Court. Maund and EMM-DEE filed a motion for relief from the registered judgment and sought a stay of proceedings to enforce the registered judgment, asserting that the judgment of the Tennessee trial court was invalid in that that court had, they said, lacked in personam jurisdiction. That motion was supported by affidavits executed by Maund and his Tennessee counsel in which it was averred that the issue of personal jurisdiction had not been finally adjudicated in Tennessee. Copies of the pertinent pleadings, motions, and judgments from the Tennessee action were supplied to the circuit court, and both Package Express and the defendants filed briefs. The circuit court subsequently entered a judgment granting relief from the registered judgment, concluding that the issue of personal jurisdiction had not been fully and fairly litigated and that the Tennessee trial court had acted in the absence of personal jurisdiction. Package Express has appealed from the circuit court's judgment.
As we noted in Menendez v. COLSA, Inc., 852 So.2d 768
(Ala.Civ.App. 2002), the UEFJA provides a mechanism for the domestication of a "foreign judgment" through its filing in the office of any circuit-court clerk in Alabama; a "foreign judgment" under the UEFJA is "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Ala. Code 1975, § 6-9-231. Menendez further outlines the principles governing the permissibility of attacks upon the validity of out-of-state judgments registered in Alabama circuit courts:
 "While Alabama courts are generally required to give a judgment entitled to full faith and credit at least the res judicata effect accorded in the rendering court's jurisdiction, Alabama courts are permitted to inquire into the jurisdiction of the rendering court. Feore [v. Feore], 627 So.2d [411,] 413 [(Ala.Civ.App. 1993)]; accord, Republic Nat'l Bank v. Howell, 456 So.2d 58, 59 (Ala. 1984). However, the appropriate inquiry is limited to ascertaining `"(1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court and (2) whether the issue of jurisdiction was finally decided by the foreign court."' Feore, 627 So.2d at 413
(quoting Alston Elec. Supply Co. v. Alabama Elec. Wholesalers, Inc., 586 So.2d 10, 11
(Ala.Civ.App. 1991)). In short, if jurisdiction is not lacking, an Alabama court must give full faith and credit to a foreign judgment under the UEFJA. Feore, 627 So.2d at 413. The burden is on a party challenging the validity of the foreign judgment to assert and demonstrate the rendering court's lack of jurisdiction. Greene v. Connelly, 628 So.2d 346, 351 (Ala. 1993)."
852 So.2d at 771. Moreover, the duty to afford full faith and credit to judicial proceedings of our sister states to which we referred in Menendez is one consisting of both constitutional and statutory dimensions. See
U.S. Const., art. IV, § 1, and 28 U.S.C. § 1738.
Package Express contends that the circuit court erred in granting relief from the registered judgment on the basis that the issue of personal jurisdiction was not fully and fairly litigated in the Tennessee trial court. We agree.
The United States Supreme Court, in Insurance Corp. ofIreland, Ltd. *Page 1141 v. Compagnie des Bauxites de Guinee, 456 U.S. 694,102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), succinctly summarized a number of pertinent principles of law that govern the concept of personal jurisdiction. First, it is clear that a defendant such as Maund or EMM-DEE "is always free to ignore . . . judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding," such as the registration proceeding initiated by Package Express in the circuit court. 456 U.S. at 706, 102 S.Ct. 2099. Alternatively, a defendant may "submit to the jurisdiction of the court for the limited purpose of challenging jurisdiction"; however, in that event, "the defendant agrees to abide by that court's determination on the issue of jurisdiction," and "[t]hat decision will be res judicata on that issue in any further proceedings." Id. Finally, "[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."456 U.S. at 705, 102 S.Ct. 2099.
As we have noted, both Maund and EMM-DEE appeared through counsel in the action against them in the Tennessee trial court and asserted their objection to personal jurisdiction in that court. In doing so, Maund and EMM-DEE, in the words of the United States Supreme Court, "submitte[d] to the jurisdiction of the court for the limited purpose of challenging jurisdiction," thereby vesting in the Tennessee trial court the authority to conclusively determine the validity of that objection. SeeWilson v. Lee, 406 So.2d 416, 419 (Ala.Civ.App. 1981) (holding that when a defendant filed in a Florida action an answer and a motion to dismiss raising the question of personal jurisdiction, the Florida court had the authority to determine whether the defendant had proper notice of its proceedings).
Rule 12.02, Tenn. R. Civ. P., like its Alabama and federal counterparts (see Rule 12(b)(2), Ala. R. Civ. P., and Rule 12(b)(2), Fed.R.Civ.P.) requires a defending party to raise in its responsive pleading, if that party has not already done so in a motion to dismiss, an objection to personal jurisdiction in order to preserve that potential defense for subsequent litigation. Also, the Tennessee Rules of Civil Procedure, like the Alabama and federal rules, envision that a personal-jurisdiction defense will generally be determinedbefore trial on application of any party to an action.Compare Rule 12.04, Tenn. R. Civ. P., with
Rule 12(d), Ala. R. Civ. P., and Rule 12(d), Fed.R.Civ.P. However, the record does not indicate that either Package Express or either defendant filed an application in the Tennessee action requesting a pretrial hearing on the jurisdictional objection. Thus, we can infer that a decision on that issue was, as a matter of law, deferred until trial.
Despite the defendants' personal-jurisdiction objection, the Tennessee trial court, which is a court of general equity jurisdiction (see Gentry v. Gentry, 924 S.W.2d 678,680 (Tenn. 1996)), entered a judgment adverse to both Maund and EMM-DEE after a trial on the merits. We have not been made privy to the transcript of the trial conducted by the Tennessee trial court so as to enable us to discern the specific issues as to which the parties actually presented evidence during that trial. Nonetheless, based upon the first memorandum opinion in that case, it appears that the issue of personal jurisdiction was not asserted by the defendants during the trial; the contested issues outlined by the Tennessee trial court in that memorandum opinion do not include any reference to the absence or presence of personal jurisdiction. *Page 1142 
The parties' appellate briefs differ on the import of the absence of a clear ruling by the Tennessee trial court on the issue of personal jurisdiction. Package Express contends that the Tennessee trial court, in entering a judgment in favor of Package Express on the merits, implicitly determined that it had jurisdiction to decide the merits of the controversy. In response, Maund and EMM-DEE contend that Package Express has cited no Tennessee appellate opinion that would require a conclusion that the Tennessee trial court made such an implicit determination. Although our research indicates that under Tennessee law jurisdictional facts will be conclusively presumed in collateral attacks upon judgments of that state's courts of general jurisdiction (see State v. Ritchie,20 S.W.3d 624, 630 n. 12 (Tenn. 2000)), under the particular circumstances of this case we need not accept or reject Package Express's characterization of the Tennessee trial court's judgment.
In considering the effect of 28 U.S.C. § 1738, the federal full-faith-and-credit statute, the United States Court of Appeals for the Fifth Circuit, in Hazen Research, Inc. v. OmegaMinerals, Inc., 497 F.2d 151 (5th Cir. 1974) (an appeal taken from an Alabama district court when Alabama was within the Fifth Circuit), noted that "[w]here the defendant has appeared in the original action, the judgment in that cause is res judicata on the issue of personal jurisdiction, whether the defendant actually litigated the question or merelypermitted it to pass without objection." 497 F.2d at 153
(emphasis added); accord, 18A Charles A. Wright, Arthur R. Miller Edward H. Cooper, Federal Practice Procedure § 4430 (2002). Here, Maund and EMM-DEE raised the question of personal jurisdiction by appearing in the Tennessee action and objecting to the Tennessee trial court's personal jurisdiction. That objection was not resolved before trial, and, under Tennessee procedural law, the objection was therefore deferred for decision until trial. Thus, we must conclude that even if Maund and EMMDEE are correct in contending that the Tennessee trial court's judgment in favor of Package Express does not amount to an implicit overruling of their personal-jurisdiction objection, the judgment at the least indicates that the defendants waived their personal-jurisdiction objection by failing to present evidence pertinent to that defense. See BVT Lebanon Shopping Ctr., Ltd. v. Wal-MartStores, Inc., 48 S.W.3d 132, 135 n. 2 (Tenn. 2001) (defense held "waived for failure to raise the issue during the trial of the case"); see also Hennessee v. State ex rel. State ofTexas, 650 So.2d 903, 905 (Ala.Civ.App. 1994) (affirming decision that Texas judgment was entitled to full faith and credit when defendant objected to Texas court's jurisdiction by pretrial motion but "did nothing more to pursue the issue of jurisdiction"). Under Hazen Research, either alternative conclusion will warrant affording full faith and credit to the Tennessee trial court's judgment in the face of a personal-jurisdiction objection.[1] *Page 1143 
Based upon the foregoing facts and authorities, we must conclude that the circuit court erred in entertaining the challenge advanced by Maund and EMM-DEE to the Tennessee trial court's personal jurisdiction and in granting their motion for relief from the registered judgment. The judgment of the circuit court granting relief from the registered judgment is reversed, and the cause is remanded for the entry of an order denying the motion for relief.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON and MURDOCK, JJ., concur.
BRYAN, J., concurs in the result, without writing.
[1] Regardless of whether the Tennessee trial court's judgment was a product of an implicit finding of jurisdiction or of waiver, both Maund and EMM-DEE were entitled to raise any error in such a finding on appellate review in Tennessee of that judgment. See Restatement (Second) of Judgments
§ 10, comment e (1982). However, the opinion of the Tennessee Court of Appeals does not indicate that Maund and EMM-DEE made any argument to that appellate court to the effect that the Tennessee trial court's judgment should be reversed based upon a lack of personal jurisdiction. Under Tennessee law, even when an issue is otherwise preserved by having been litigated in the trial court, a party may abandon that issue on appeal by failing to argue it. See Walsh v. BA, Inc., 37 S.W.3d 911, 917
(Tenn.Ct.App. 2000).