STUART, Justice.
Afasseo, Inc., a Nevada-based distributor of medical and safety equipment, appeals the judgment of the Houston Circuit Court holding that a judgment Afasseo obtained in a Nevada state court against former Afasseo employee Comer Ladon Sanders, an Alabama resident, was void because the Nevada court lacked personal jurisdiction over Sanders. We reverse and remand.
I.
In early 2005, Sanders responded to an advertisement in the Dothan Eagle placed by Afasseo seeking a sales representative. Sanders subsequently met with Afassco’s president, Don Schumaker, and another Afasseo representative from the Birmingham area at a Dothan hotel to discuss his potential employment, and, on February 7, 2005, Sanders entered into a formal employment agreement with Afasseo. That agreement contained clauses providing that Sanders would not disclose or appropriate Afassco’s trade secrets and that Sanders would not associate or have any financial interest in any competing companies while working as an Afasseo employee or for a period of two years after his separation of employment from Afasseo. The employment agreement also specifically provided that it would be governed by Nevada law. Sanders did not travel to Nevada for training before commencing his employment; however, he did travel to Nevada for two days of training in October 2005.
As part of his duties as an Afasseo sales representative, Sanders periodically visited Afasseo customers, typically businesses and government entities, in his assigned territory, which encompassed parts of Alabama, Florida, and Georgia, and ensured that their on-site first-aid kits were fully stocked. After restocking customers’ kits, Sanders would fax a list of the products that had been restocked to Afasseo headquarters in Nevada, which then sent him a check based on their agreed-upon commission rate. Sanders was also provided a company credit card to use for all business-related expenses.
The evidence in the record indicates that Sanders generally did a good job working as a sales representative and servicing his accounts; however, he was repeatedly counseled that he needed to improve his record-keeping, particularly with regard to submitting required reports and receipts to Afasseo headquarters. That evidence also indicates that the Afasseo administrative staff viewed him as being insubordinate and uncooperative when they attempted to work through the problems they were having with him. On June 3, 2008, Afasseo terminated Sanders’s employment.
Thereafter, Sanders established a new company called Advanced First Aid Service. Afasseo alleges that Sanders then improperly used Afassco’s customer lists and proprietary information and began supplying Afasseo customers with medical and safety equipment for Advanced First Aid Service’s account. Afasseo further alleges that, with regard to at least some of those customers, Sanders never informed *1121 them that he was no longer employed by Afassco and that he, in fact, restocked those customers with supplies and equipment he had failed to return to Afassco after his employment had been terminated. Afassco eventually recovered approximately $3,500 in Afassco inventory from him, although, it alleges, an audit indicates that an additional $88,000 in inventory was missing. Afassco also pursued a criminal case against Sanders.[1]
On January 19, 2012, Afassco sued Sanders in Nevada state court, asserting claims of misappropriation of trade secrets, tor-tious interference with contractual relations, breach of contract, and conversion. On February 5, 2012, Sanders was served with a copy of Afassco’s complaint in Do-than. Sanders did not file an answer or otherwise respond to the complaint within the 20-day period provided by Nevada law, and, on March 1, 2012, the Nevada court accordingly entered a default against Sanders. See Rule 12(a)(1), Nev. R. Civ. P. (“A defendant shall serve an answer within 20 days after being served with the summons and complaint....”), and Rule 55(a), Nev. R. Civ. P. (“When a party against whom a judgment for affirmative relief has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party’s default.”).
On April 2, 2012, Sanders filed a pro se motion with the Nevada court, asking it to dismiss Afassco’s action against him because, Sanders alleged, the Nevada court lacked jurisdiction over him.[2] In that motion, Sanders asserted that he had never been a citizen of Nevada, that he had never done business in Nevada, that he had never advertised to do business in Nevada, and that he had “no connections with the State of Nevada whatsoever.” On April 16, 2012, Afassco filed a motion in opposition to Sanders’s motion to dismiss, arguing that the Nevada court could properly exercise personal jurisdiction over Sanders based on his relationship with Afassco and that Sanders had waived any right to assert the lack of personal jurisdiction as a defense based on his failure to raise that issue within 20 days of being served with Afassco’s complaint.
It appears that the Nevada court never explicitly ruled on Sanders’s motion to dismiss. On June 20, 2012, Afassco filed a motion seeking a default judgment accompanied by supporting evidence establishing the damages it claimed in accordance with the claims asserted in its complaint. See Rule 55(b)(2), Nev. R. Civ. P. (“If, in order to enable the court to enter [default] judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, *1122 the court may conduct such hearings or order such references as it deems necessary and proper....”). On July 17, 2012, the Nevada court entered a default judgment in favor of Afassco, awarding it $349,492 and permanently enjoining Sanders from “servicing current or former Afassco customers and using Afassco’s proprietary information, including invoices, pricing methods, products and product names.” On September 6, 2012, the Nevada court awarded Afassco an additional $7,097 in costs and attorney fees. The record indicates that Sanders was sent notice of both Afassco’s motion for a default judgment and the default judgment. Sanders filed no appeal of the default judgment in the Nevada court system.
On October 26, 2012, Afassco moved the Houston Circuit Court to domesticate the judgment entered against Sanders by the Nevada court pursuant to the terms of Alabama’s Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala.Code 1975. Sanders was served with Afassco’s motion on October 30, 2012, and, on November 1, 2012, the trial court entered an order domesticating the judgment. On November 7, 2012, Sanders moved the trial court for relief from the foreign judgment, arguing that the Nevada court lacked jurisdiction over him and that its judgment was accordingly void and unenforceable. Afassco thereafter filed a response, and on March 21, 2013, the trial court conducted a hearing to consider the parties’ arguments. On March 27, 2013, the trial court granted Sanders’s motion for relief from the foreign judgment, holding that the judgment was “void due to the lack of personal jurisdiction over the defendant.” On April 8, 2013, Afassco filed its notice of appeal to this Court.
II.
Sanders’s motion for relief from a foreign judgment was filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., which authorizes a trial court “to relieve a party ... from a final judgment” if “the judgment is void.” See Ex parte Trinity Auto. Servs., Ltd., 974 So.2d 1005, 1009 (Ala.Civ.App.2006) (“Both our Supreme Court and this court have held that the appropriate procedural mechanism by which to collaterally attack a foreign judgment on the basis that the judgment is void for lack of jurisdiction is by a motion filed pursuant to Rule 60(b)(4).”). In Orix Financial Services, Inc. v. Murphy, 9 So.3d 1241, 1244 (Ala.2008), we explained that we review de novo a trial court’s ruling on such a motion:
“ ‘The standard of review on appeal from the denial [or granting] of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).’
“[Insurance Management & Administration, Inc. v. Palomar Insurance Corp., 590 So.2d 209, 212 (Ala.1991).] Additionally, we note that ‘[t]he validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered.’ Morse v. Morse, 394 So.2d 950, 951 (Ala.1981) (citing Forbes v. Davis, 187 Ala. 71, 65 So. 516 (1914)).”
III.
Afassco argues that the trial court erred by holding the judgment entered *1123 against Sanders by the Nevada court to be void for lack of personal jurisdiction because, it argues, (1) Sanders waived any right to subsequently contest personal jurisdiction in an Alabama action by first appearing and raising that issue in the Nevada action and (2) Sanders’s contacts with Nevada during the course of his relationship with Afassco were sufficient, Afassco argues, so that the Nevada court’s exercise of jurisdiction over him complied with the requirements of due process. See, e.g., Consipio Holding, BV v. Carlberg, 282 P.3d 751, 754 (Nev.2012) (“Nevada’s long-arm statute permits personal jurisdiction over a nonresident defendant unless the exercise of jurisdiction would violate due process. [Nev.Rev.Stat. § ] 14.065(1). ‘Due process requires “minimum contacts” between the defendant and the forum state “such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.”’ Trump [v. District Court], 109 Nev. [687,] 698, 857 P.2d [740,] 747 [ (1993) ] (quoting Mizner v. Mizner, 84 Nev. 268, 270, 439 P.2d 679, 680 (1968)).”). We first consider Afassco’s argument that Sanders has waived the right to assert that the Nevada court lacked personal jurisdiction over him when it entered the default judgment against him and in favor of Afassco.
In Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), the Supreme Court of the United States summarized a party’s options when he or she is named as a defendant in. an action and does not believe that the court in which the action was filed has personal jurisdiction over him or her. First, “[the] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.” 456 U.S. at 706. (citing Baldwin v. Traveling Men’s Ass’n, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931)). Alternatively, the defendant may voluntarily appear in the action to make an initial challenge to the court’s jurisdiction; however, “[b]y submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court’s determination on the issue of jurisdiction: That decision will be res judicata in any further proceedings.” 456 U.S. at 706. (citing Baldwin, 283 U.S. at 524).
In the instant action, Sanders initially chose to ignore the Nevada action when he was served; however, after a default was entered, he filed a motion to dismiss the action based on the Nevada court’s alleged lack of personal jurisdiction over him. By filing that motion to dismiss, Sanders submitted to the jurisdiction of the Nevada court at least for the limited purpose of challenging jurisdiction, and that court’s determination of the personal-jurisdiction issue is accordingly res judicata in any further proceedings. Insurance Corp. of Ireland, 456 U.S. at 706. However, Sanders argues that, even if he did submit the issue of personal jurisdiction to the Nevada court, that court did not, in fact, consider that issue and, accordingly, there can be no res judicata effect. Sanders argues that there is nothing in the record indicating that the Nevada court considered his motion to dismiss, nor is there any mention of the jurisdictional issue in the default judgment that was finally entered. Accordingly, Sanders argues, the trial court properly granted his Rule 60(b)(4) motion for relief from the foreign judgment. See Pirtek USA, LLC v. Whitehead, 51 So.3d 291, 296 (Ala.2010) (stating that an Alabama court need not give full faith and credit to a foreign judgment if the issue of jurisdiction was not fully and *1124 fairly litigated by the foreign court or the issue of jurisdiction was not finally decided by the foreign court).
However, Sanders fails to recognize that, regardless of whether the Nevada court ever considered the substance of his personal-jurisdiction argument, the personal-jurisdiction issue was still fully and fairly litigated if the Nevada court decided it on procedural grounds as opposed to substantive grounds. In Insurance Corp. of Ireland, the Supreme Court of the United States explained:
“Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.... [Ujnlike subject-matter jurisdiction, which even an appellate court may review sua sponte, under Rule 12(h), Fed.R.Civ.P., ‘[a] defense of lack of jurisdiction over the person ... is waived’ if not timely raised in the answer or a responsive pleading.
“In sum, the requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue. These characteristics portray it for what it is — a legal right protecting the individual. The plaintiffs demonstration of certain historical facts may make clear to the court that it has personal jurisdiction over the defendant as a matter of law — i.e., certain factual showings will have legal consequences — but this is not the only way in which the personal jurisdiction of the court may arise. The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.
“The expression of legal rights is often subject to certain procedural rules: The failure to follow those rules may well result in a curtailment of the rights. Thus, the failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection.
[[Image here]]
“... [T]he manner in which the court determines whether it has personal jurisdiction may include a variety of legal rules and presumptions, as well as straightforward factfinding. A particular rule may offend the due process standard of Hammond Packing [Co. v. Arkansas, 212 U.S. 322. (1909) ], but the mere use of procedural rules does not in itself violate the defendant’s due process rights.”
456 U.S. at 703-07. Like Rule 12(h)(1), Federal Rules of Civil Procedure, Rule 12(h)(1), Nevada Rules of Civil Procedure, and Rule 12(h)(1), Alabama Rules of Civil Procedure, provide that a defense of lack of personal jurisdiction is waived if not timely asserted. See also Hansen v. Eighth Judicial Dist. Court ex rel. County of Clark, 116 Nev. 650, 656-57, 6 P.3d 982, 986 (2000) (“Objections to personal jurisdiction ... are waived, however, if not made in a timely motion or not included in a responsive pleading such as an answer. See Rules 12(g) and (h)(1), Nev. R. Civ. P. Thus, to avoid waiver of a defense of lack of jurisdiction over the person ... the defendant should raise its defenses either in an answer or pre-answer motion.” (footnote omitted)).
 By failing to assert lack of personal jurisdiction as an affirmative defense within the 20 days allowed by Nevada law, Sanders waived the right to assert that defense in the Nevada court. Had Sanders elected to completely ignore the Nevada action, he could nevertheless have asserted that defense when Afassco attempted to domesticate the resulting judgment in Alabama. Insurance Corp. of Ireland, 456 U.S. at 706. However, after default was entered against him— *1125 but before the default was reduced to judgment — Sanders appeared in the Nevada court and moved to dismiss the action on personal-jurisdiction grounds, thus consenting to the Nevada court’s determination of the jurisdiction issue. The Nevada court did not grant his motion to dismiss, and Sanders did not, after the final default judgment was entered, move for relief from the default judgment pursuant to Rule 60(b), Nev. R. Civ. P., which sets forth the procedure for moving to have a default judgment set aside, nor did he file an appeal to the Supreme Court of Nevada asserting his personal-jurisdiction argument.[3] Thus, although Sanders did not prevail on his personal-jurisdiction argument, he did assert it, and it was finally-decided, if only on procedural grounds. Sanders is accordingly bound by that decision, and he cannot seek to now relitigate the issue in an Alabama forum.
We note that our decision is supported by previous Alabama caselaw on this topic. In Stribling Equipment, Inc. v. Crager, 891 So.2d 299 (Ala.2004), an Alabama defendant sued in a Mississippi court filed two answers to the complaint, neither of which asserted lack of personal jurisdiction as a defense. Id. at 301. Both of those answers were subsequently stricken by the Mississippi court. Id. The Alabama defendant had no other participation in the Mississippi action, and a judgment was eventually entered against him. Id. After the Mississippi plaintiff moved an Alabama court to domesticate the judgment, the Alabama defendant moved for relief from the judgment, arguing that the Mississippi court had lacked personal jurisdiction over him. Id. at 301-02. The Alabama court granted his motion; however, on appeal, this Court reversed that court’s judgment, noting — as was the case with Sanders— that the Alabama defendant had waived his right to contest personal jurisdiction in the foreign action because he had appeared in the action but failed to assert that defense in the time prescribed by the law of the foreign forum. Id. at 302-03.
Similarly, in Package Express Center, Inc. v. Maund, 957 So.2d 1137, 1139 (Ala.Civ.App.2006), Alabama defendants sued in a Tennessee court filed an initial motion to dismiss the action on personal-jurisdiction grounds and a subsequent answer making the same argument. The Tennessee court never specifically addressed their personal-jurisdiction argument, and, after they subsequently participated in and lost at trial, the Tennessee court entered a judgment against them. Id. at 1139-40. Their appeal of that judgment to the Tennessee Court of Appeals was also unsuccessful. Id. After the Tennessee plaintiff domesticated the judgment in Alabama, an Alabama court granted the Alabama defendants’ motion for relief from the judgment, concluding that the issue of personal jurisdiction had not been fully and fairly litigated in the absence of any indication from the Tennessee court that it had considered the personal-jurisdiction argument that the defendants had unquestionably raised. Id. at 1140. The Tennessee plaintiff appealed that judgment to the Court of Civil Appeals, which reversed the trial court’s judgment, holding that, even though the Alabama defendants had raised a challenge to the foreign court’s exercise of personal jurisdiction over them, they subsequently waived that challenge when they failed to pursue it to an end before the *1126 Tennessee trial court or, subsequently, the Tennessee appellate court. Id. at 1142. In the instant case, Sanders similarly raised a personal-jurisdiction challenge, but he then failed to take steps, such as the filing of a Rule 60(b) motion or an appeal, to follow up on his challenge. Sanders accordingly waived his personal-jurisdiction objection and cannot now argue that it was not fully and fairly litigated.
IV.
Afassco sued Sanders in a Nevada court, eventually obtaining a default judgment in its favor for $349,492 plus an additional sum for costs and attorney fees. After Afassco domesticated the judgment in Alabama in an attempt to collect on it, Sanders moved an Alabama court for relief from the judgment, arguing that the Nevada court lacked personal jurisdiction over him. The Alabama court agreed and entered a judgment granting Sanders’s motion. However, because Sanders filed a motion in the Nevada court asking it to dismiss Afasseo’s action based on the alleged lack of personal jurisdiction, he consented to the court’s determination of that issue. He accordingly waived any right to subsequently litigate that issue in another forum. Because of that waiver, it is unnecessary to consider the substance of Sanders’s argument that the Nevada court lacked personal jurisdiction over him, and we accordingly pretermit all consideration of that issue. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and PARKER, SHAW, and WISE, JJ., concur.

. It is not clear from the record what criminal charges were brought against Sanders; however, the parties agree in their briefs that he was found not guilty on all charges at the conclusion of a jury trial held in the Houston Circuit Court. Sanders thereafter initiated an action against Afassco in the United States District Court for the Middle District of Alabama, alleging defamation, abuse of process, and malicious prosecution. Afassco asserts that Sanders’s federal action has been stayed pending the resolution of this appeal.

. In his brief to this Court, Sanders notes that the copy of his motion to dismiss found in the record is not file-stamped by the Nevada court and that the record contains no order of the Nevada court specifically addressing his motion to dismiss. He accordingly takes the position that he merely mailed a copy of the motion to Afassco’s attorney and never actually filed or otherwise submitted it. However, Afassco has since supplemented the record to include a copy of Sanders’s motion that was stamped by the Nevada court at 2:24 p.m. on April 2, 2012.

. Similar to Alabama courts, Nevada courts have a stated policy in favor of deciding cases on the merits, Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 155, 380 P.2d 293, 295 (1963), and judges "are afforded broad, discretion in ruling on Rule 60(b) motions [to set aside default judgments].” Kahn v. Orme, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992).