OPINION OF THE COURT

Per Curiam.

Where a foreign judgment is filed in New York under CPLR 5402, that filing is then vacated when the foreign judgment is reversed on intermediate appeal, and a new *181 filing thereafter made when the foreign judgment is reinstated on further appeal, the lien of the judgment creditor in New York dates from the date of the new filing. The inherent power of a court to correct clerical errors in a prior determination may not be invoked to effect the retroactive creation of substantive rights when the rights of third parties have intervened.
The chain of factual and procedural events which gave rise to this litigation is described in detail in the dissenting opinion at the Appellate Division (88 AD2d 837, 838). Priority as between the lien of the bank as judgment creditor under the Texas judgment filed in New York County pursuant to the provisions of CPLR 5402 and the lien of the title insurance company as judgment creditor under its judgment docketed in New York County is to be determined under New York law; we are unconcerned as to the status in Texas of the successive orders of the Texas courts.
The first event of any legal significance for present purposes was the filing by the bank on June 16,1977 of an authenticated copy of the judgment in its favor rendered by the District Court of Tarrant County, Texas. That filing gave the bank the same lien it would have had had the judgment been that of the Supreme Court of the State of New York (CPLR 5402, subd [b]). The reversal on February 23, 1978 of the Texas judgment by the Texas Court of Civil Appeals, that State’s intermediate appellate court, without more served only to expose the filing in New York to an application for vacatur or a stay of enforcement. The bank then voluntarily moved “for an order providing for the vacating of the filing of the Texas judgment * * * without prejudice, to the refiling of said Texas judgment if such judgment is revised or reinstated”, and the judgment debtor cross-moved for an order “vacating the filing of the Judgment”. The court made an order, entered on July 28, 1978, granting the bank’s motion, vacating the filing of the Texas judgment, and vacating and nullifying the docketing of that judgment. (The requested “without prejudice” provision was deleted from this order.) The bank took no appeal.
*182 On November 7, 1978 following further appeal the Supreme Court of Texas reinstated the Texas judgment.* That reinstatement, without more, had no legal consequence in New York. On November 21, 1978, the title insurance company docketed its Supreme Court, New York County, judgment against the judgment debtor. At the time of this docketing, there was no filing of record with respect to the now reinstated Texas judgment. On March 30,1979, on the bank’s motion, Supreme Court, New York County, authorized the filing of the Texas judgment as finally determined.
Thereafter, on July 1, 1980 the bank moved for reinstatement of the filing of the modified Texas judgment, nunc pro tunc, as of June 16, 1977, the date of the original filing. Supreme Court denied the motion, and the Appellate Division affirmed. We agree that the bank’s application was properly denied.
Following the 1978 vacatur of the filing in New York, that filing was a nullity, all liens evolving therefrom were dissolved, and without the 1977 filing the reinstatement of the modified judgment by the Texas court was unavailing to create or to reinstate any lien in New York prior to the date of the refiling. Anyone searching the records in New York was entitled to rely on the absence of any existing lien of record so far as the Texas judgment was concerned. Accordingly, when the title insurance company docketed its New York judgment on November 21,1978, its lien was superior to any lien the bank might claim under it's reinstated Texas judgment.
The denial of nunc pro tunc relief was mandatory. The relief sought by the bank was not to correct any irregularity, mistake, omission or other error; the bank sought the creation of a new lien retroactive to the date of its prior lien which, on its own motion, had been effectively nullified. The would-be invocation of a court’s inherent power to correct error in a prior judgment is unavailing as a predi *183 cate for the creation of new substantive rights. The rights of the third party title insurance company had effectively intervened.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in Per Curiam opinion.
Order affirmed, with costs.

 It is observed that the original Texas judgment was for the principal debt and interest, plus attorney’s fees. The Texas Supreme Court reinstated that portion of the judgment for principal and interest but affirmed the reversal of that portion of the judgment for attorney’s fees.