## (October 13, 1983)

■ PATRICIA H. WILLIAMS, as Administratrix of the Estate of MARSHALL HILL, JR., Deceased, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (Ascione, J.), entered on April 28, 1982, which denied defendants' motion for summary

judgment dismissing the third cause of action for wrongful death as against defendant City of New York, and dismissed the first cause of action for personal injuries as against all defendants, is unanimously modified, on the law, to the extent of dismissing the third cause of action against the City of New York and all other defendants, and otherwise affirmed, without costs or disbursements. Plaintiff brought this action as administratrix of the estate of Marshall Hill, Jr., who was injured on a subway platform and died five days later in Harlem Hospital. On February 2, 1981, the plaintiff commenced the instant action against the City of New York, New York City Health and Hospitals Corporation (HHC) (the operator of Harlem Hospital), the New York City Transit Authority (TA), and the treating doctors and nurse at Harlem Hospital. The complaint alleged four causes of action: (1) personal injury as a result of the negligence and medical malpractice of all the defendants except for the TA; (2) personal injury as a result of the negligence of the TA; (3) wrongful death as a result of the negligence and medical malpractice of all the defendants except the TA; and (4) wrongful death as a result of the negligence of the TA. The city, HHC, and two of the defendant doctors, Drs. Thornhill and Kimani, answered the complaint, asserting a Statute of Limitations defense. The above-named defendants moved for summary judgment of dismissal of the complaint (CPLR 3212, subd [a]). The city argued that it was not a proper party to the action on the ground that HHC and not the city operated Harlem Hospital. Plaintiff opposed the motion, asserting that the city was "united in interest" with HHC and thus a proper party. Special Term granted the defendants' motion only to the extent of dismissing the first cause of action. The plaintiff may not be allowed to circumvent the one-year and 90-day Statute of Limitations applicable to actions against the HHC (L 1969, ch 1016, § 20, subd 2) by suing the city, against which a two-year Statute of Limitations applies. (EPTL 5-4.1.) Because the applicable period of limitations had expired prior to the commencement of the action against HHC, regardless of whether the cause of action accrued on the date of death or the date of the administratrix' appointment, the third cause of action is untimely. The same results should obtain as to Drs. Thornhill and Kimani, because they were employees of HHC at the commencement of the action and thus were protected by the same Statute of Limitations. (General Municipal Law, § 50-k, subd 6.) In any event, Special Term should have granted the motion to dismiss the action as against the city on the authority of *Brennan v City of New York* (88 AD2d 871, affd 59 NY2d 791) in which this court held, on similar facts, that the city is not a proper party in an action against HHC, which is a separate and distinct entity. (See *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 665.) Concur — Murphy, P. J., Kupferman, Carro, Milonas and Alexander, JJ.