OPINION OF THE COURT
Ira Gammerman, J.
In this posttrial motion, defendants Etta Bird (Bird) and New York City Health and Hospitals Corporation (HHC) move for an order pursuant to CPLR 5015 modifying the judgment to reflect an accurate and proper calculation of interest.
In this action to recover for wrongful death, the jury awarded plaintiff $222,000, to which the court added the amount of $2,215.25 for funeral expenses. In the judgment the clerk included a computation of interest from the date of death, May 14, 1974, to the date of the entry of judgment, August 22, 1985. The total judgment was $224,215.25 and the interest was computed as $151,681.61. Disbursements of $711 were added to this sum, for a total of $376,607.86. The clerk computed further interest in the amount of $27,970.82 against defendant Bird. It is this assessment to which defendants object as erroneous and duplicative.
CPLR 5004 provides that interest shall be at the rate of 9% per year, except where otherwise provided by statute. This provision represents an amendment enacted on June 25, 1981 increasing interest from 6 to 9%. The second calculation of interest ($27,970.82) is the difference between these two rates, 3%, for the period June 25, 1981 to August 22, 1985, the date of entry of judgment.
*1084 General Municipal Law § 3-a, however, provides that the rate of interest to be paid by a municipal corporation upon any judgment against that corporation to recover damages for wrongful death shall not exceed 6%. There is no dispute that HHC is a municipal corporation. The issue here is whether defendant Bird is entitled to the 6% interest rate as an employee of HHC, although named individually as a defendant.
This is apparently an issue of first impression. The question of statutory interpretation must be resolved by examining the intent of the Legislature. Defendants assert that the provision of McKinney’s Unconsolidated Laws of NY §7401 (6) and General Municipal Law § 50-k establish HHC as the real party in interest whenever one of its employees is named as a defendant in an action such as this, for it is the defender, indemnitor and payor of any judgment rendered against such employee.
Unconsolidated Laws § 7401, establishing HHC, provides in subdivision (6): "The corporation shall be an 'agency’ for the purposes of section fifty-k of the general municipal law and its officers and employees shall be entitled to legal representation and indemnification pursuant to the provisions of and subject to the conditions, procedures and limitations contained in such section, except that any judgment or settlement pursuant to this section shall be payable from the monies of the corporation.” In addition, General Municipal Law § 50-k provides that such an "agency” (which includes the HHC) has a duty to defend its employees, and shall indemnify and save harmless those employees in the amount of any judgment obtained against them.
Thus, any judgment against defendant Bird is to be satisfied by HHC from its funds. The maximum interest rate of 6%, therefore, should be applied to defendant Bird, as well as HHC. HHC alone must pay, whether such payment is to satisfy a judgment against it or to satisfy a judgment against one of its employees.
Further, employees of HHC individually named in actions are entitled to the same statutory benefits accorded to HHC when it is the named defendant. In Williams v City of New York (97 AD2d 372 [1st Dept 1983]) the court held that a short Statute of Limitations governing actions against the HHC also applies to an action against physician employees. The court reasoned that the same results should obtain as to the physician defendants as against HHC because the physician defen *1085 dants were employees of the HHC at the commencement of the action and during the time in which they were alleged to have been negligent. Applying the rationale of Williams, defendant Bird is protected by the same statutorily created maximum interest rate of 6%, as is HHC.
Plaintiffs argue that since Dr. Bird is an individual defendant, she should be required to pay the full rate of interest, 9%. In support of this contention he cites Smart v Wozniak (86 Misc 2d 940, affd 58 AD2d 993), which held that where the rate of interest is limited with respect to specific defendants it should be apportioned in accord with their degree of responsibility for the injury. In that case, plaintiff brought an action against two municipal defendants, a town and county, and one unrelated individual defendant. The issue in that case involved the proper rate of interest to be assessed against each defendant. It is, however, important to note that in Smart the jury apportioned liability among the three defendants. The unrelated individual defendant was found responsible for 10% of the total damages and the municipal corporation liable for 90%. The interest rate for the individual defendant was assessed against 10% of the judgment and the rate for the municipal corporations was assessed against 90% of the judgment. Such a procedure cannot be followed here as there was no apportionment of liability.
The amount of interest assessed against HHC must be addressed. The clerk previously calculated the interest at 6% on $224,215.25 and arrived at $151,681.61. Defendants and plaintiff both claim this amount to be incorrect. Recalculation reveals that 6% on $224,215.25 from May 14, 1974 to August 22,1985 equals $151,694.97.
The clerk was further in error in allowing a supplemental assessment of interest on the judgment of 3% from June 25, 1981 to August 22, 1985 as against defendant Bird. Such additional interest would deny HHC the statutory benefit (of 6% interest) as it would then be paying the equivalent of 9% interest as indemnitor of defendant Bird.
The defendants’ motion is granted and the judgment is modified to reflect the proper calculation of interest on the judgment, $151,694.97. The second assessment of interest against defendant Bird is stricken from the judgment. The total judgment to which plaintiff is entitled is $367,621.22 as of August 22,1985.