■ GAIL CHRISTOPHER, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant.—Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about March 10, 1989, which denied an order of preclusion against plaintiff after granting defendant's motion for a mistrial, is unanimously affirmed, with costs to plaintiff. Judgment of the same court (Leo Hayes, J.), entered on July 21, 1989, which, after a jury trial and a reduction by the Trial Judge of the jury's award from $275,000 to $150,000, granted judgment in favor of plaintiff in the total amount of $155,596, is unanimously modified, on the law and the facts, to reinstate the full jury award of $275,000, and is otherwise affirmed, with costs to plaintiff.

The original jury award does not shock the conscience of the court (CPLR 5501; *Felice v Delporte,* 136 AD2d 913, 914). Defendant does not dispute the jury verdict on liability, and plaintiff's evidence of damages showed that she suffered from a broken wrist and a broken ankle that has caused permanent conditions of pain and impairment of activities that plaintiff enjoyed well into her 80's.

The first trial ended in a mistrial when it became clear that plaintiff had failed to comply with defendant's discovery demand for all witnesses' statements. In choosing to grant a mistrial and order an immediate deposition of the witness in question (which defendant declined to take), in preference to granting defendant's motion for a preclusion order, the Justice presiding at the first trial took into account the drastic nature of the sanction of preclusion *(see, e.g., Matter of Cullen,* 143 AD2d 746, 747) and exercised her discretion appropriately *(Lowitt v Burton I. Korelitz, M.D., P. C.,* 152 AD2d 506, 507).

At the second trial, the Justice presiding did not grant defendant's motion for a missing witness charge when plaintiff did not produce testimony of her treating physician *(Moore v Johnson,* 147 AD2d 621, 622-623). However, we find the error harmless in the absence of any indication that the testimony given by the missing witness would have been "of vital importance" and would have covered material not already covered

in testimony and voluminous documentary evidence by way of hospital reports that were produced *(cf., Wilson v Bodian,* 130 AD2d 221, 234).

We have considered defendant's other arguments and find them to be without merit. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.