*637 OPINION OF THE COURT
Harold Tompkins, J.
The applicable rate of interest on a judgment against the New York City Health and Hospitals Corporation (hereafter H.H.C.) and the appropriate time to seek relief from a computation of interest by the County Clerk are the issues raised by defendant H.H.C.’s motion pursuant to CPLR 2001, 5015 (a) and 5019 (a) to modify the judgment entered against it.
PROCEDURAL HISTORY
Plaintiff Djon Pjetri was taken to North Central Bronx Hospital after an automobile accident. Plaintiff Djon Pjetri commenced this action against H.H.C. for the negligent misplacement of an endotracheal tube during an operation to set a broken leg. This malpractice was conceded at trial by H.H.C. The misplacement of the endotracheal tube reduced the flow of oxygen to his brain and left him severely brain damaged with the mental ability of a child. In May 1987 the case was tried before this court and the jury rendered a verdict against defendant H.H.C. in the amount of $24,517,57s[1] for Djon Pjetri and $3,000,000 for his wife Zoja Pjetri. Defendant H.H.C. moved to set aside the award as excessive and unduly influenced by the jury’s sympathy for the plaintiffs. This court reduced the award to plaintiff Djon Pjetri to $7,017,578 and to plaintiff Zoja Pjetri to $1,000,000 (NYLJ, Jan. 11, 1988, at 7, col 4).
This court reduced the award for pain and suffering from $20,000,000 to $2,500,000, the highest amount it believed was sustainable based upon Appellate Division authority in the area of brain damage cases. The court also reduced the jury award to plaintiff Zoja Pjetri from $3,000,000 to $1,000,000. The court granted plaintiff Zoja Pjetri’s motion to modify this order for an award to her of $1,500,000 by order dated March 2, 1988. Plaintiffs thereafter presented a judgment for the principal sums of $7,017,578 and $1,500,000 together with interest from the date of the verdict. The County Clerk assessed interest at the rate of 9%, taxed costs and disbursements of $750 and entered judgment on March 28, 1988.
On April 4, 1988, defendant H.H.C. served and filed its *638 notice of appeal. The notice appealed from the judgment of March 28, 1988, the court’s orders of February 3, 1988 and March 2, 1988 which modified the jury’s verdict and "from each and every part” of the judgment and the orders. The Appellate Division, First Department, affirmed the judgment and orders (150 AD2d 995 [1989]). The Appellate Division denied leave to appeal to the Court of Appeals and denied reargument. The Court of Appeals denied leave to appeal (74 NY2d 615 [1989]). Shortly thereafter defendant H.H.C. brought this application to modify the judgment.
INTEREST RATE
Defendant H.H.C. seeks to lower the interest rate of 9% to an interest rate of 3%. It contends that this modification is merely a technical correction that is permitted under CPLR 5015 (a). It further points to the New York City Health and Hospitals Corporation Act (McKinney’s Uncons Laws of NY § 7401 [5] [L 1969, ch 1016, § 1, as amended]) as the basis for the 3% interest rate.
CPLR 5004 provides the general rate of interest on judgment is 9%. Prior to 1982 the rate of interest on judgments against the city and municipal corporations was 3%. The rate of interest on judgments against the State was 6%. The rate of interest against public corporations was 4%. Chapter 681 of the Laws of 1982 amended the rate of interest paid by the governmental bodies to a uniform interest rate of 9%. The court obtained the legislative Bill Jacket for analysis of the legislative intent. The legislative history of chapter 681 indicates that the purpose of the amendment was to increase a rate of interest that was artificially low relative to interest rates in the market with the unfairness that resulted to claimants (see, Budget Div Report, July 14, 1982; letter of Calvin Berger, Counsel to Comptroller, July 13, 1982; letter of Paul Feigenbaum, Counsel to Office of Ct Admin, July 20, 1982), and the desire for parity of interest rates on judgments. The Budget Division noted that there was no logical reason for different interest rates to be paid by different governmental institutions. However, there were objections that cited the cost of increased judgments (see, mem of Charles Williams, Dept of State, July 15, 1982, recommending disapproval on grounds of increased cost). The Office of the Mayor of the City of New York also opposed the increase in interest rates by amending General Municipal Law § 3-a (see, mem in opposi *639 tion of Margaret Boepple, legislative representative, May 24, 1982, and letter of July 9, 1982). The potential cost of the amendment was the basis of the objection. The Mayor’s representative recommended disapproval and noted that not only the city but that "all public corporations in the city would be similarly affected.” Nevertheless, the bill was passed by the Legislature and signed by the Governor and became enacted into law.
The purpose of the amendment to General Municipal Law § 3-a was to establish uniformity in the interest rate paid by government bodies. Defendant H.H.C. has been held to be a municipal corporation to which the interest rate set by General Municipal Law § 3-a applies (Karasik v Bird, 130 Misc 2d 1083 [Sup Ct, NY County 1985]). Additionally, as a public benefit corporation (see, Brennan v City of New York, 59 NY2d 791 [1983]; see, General Construction Law §§ 65, 66), it is a public corporation to which the general interest of 9% applies (see, McKinney’s Uncons Laws of NY § 2501 [L 1939, ch 585, as amended by L 1982, ch 681, §4]). This court can see no legitimate basis for differentiating the H.H.C. from all other municipal corporations[2] and undermining the benefits of a fair rate of interest to claimants and the uniformity the Legislature sought in amending the statute.[3] The applicable interest rate against the defendant H.H.C. is 9%.
JURISDICTION
The application to modify the judgment pursuant to CPLR 2001, 5015 (a) (2) also raises the issue of the court’s authority to modify judgments. These provisions codify the court’s traditional power to correct judgments as a result of clerical errors (see, Haven Assocs. v Donro Realty Corp., 149 AD2d 667 [2d Dept 1989]; Mansfield State Bank v Cohn, 88 AD2d 837 [1st Dept 1982], affd 58 NY2d 179 [1983]). The clerical errors that may be corrected nunc pro tunc are inadvertent omissions of provisions clearly intended by the court (Haven Assocs. v *640 Donro Realty Corp., supra), misspellings, typographical errors and similar matters. A party may not raise matters of substance by a motion for correction of clerical errors (see, Mansfield State Bank v Cohn, supra; Chemical Bank v Buxbaum, 76 AD2d 850 [2d Dept 1980]). The appropriate rate of interest is considered to be a substantive issue of law rather than a clerical error (see, Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739 [1984]; but see, Aetna Cas. & Sur. Co. v Whitestone Gen. Hosp., 142 Misc 2d 67 [Sup Ct, NY County 1988] [holding the omission of any interest to be a clerical error]), and therefore the court lacks authority to review the judgment.
The most egregious aspect of H.H.C’s application is that it only sought this review of the applicable interest rate after the completion of appellate review. Review of the applicable interest rate ought to have been by motion in 1988 after the judgment was entered (see, Solomon v City of New York, 127 AD2d 827 [2d Dept 1987]), or in the appeal itself. Defendant H.H.C. appealed from the judgment and each and every part of the judgment. Since the judgment included the interest assessed at 9%, defendant H.H.C. had the opportunity to raise the issue of the appropriate interest in its appeal. Its failure to raise the issue on appeal precludes raising the issue at this time (CPLR 5501; Velte v Jainew Enters., 122 AD2d 544 [4th Dept 1986]; Lamphear v State of New York, 91 AD2d 791 [3d Dept 1982]). This well-settled principle may not be disregarded simply because H.H.C., according to its papers, only chose to analyze the interest rate applied after the completion of appellate review.
Accordingly, H.H.C.’s motion to modify the judgment is denied.

. The jury also awarded $5,000,000 to Rosa Pjetri, plaintiff Djon Pjetri’s mother, and $1,000,000 to Mark Pjetri, the son of plaintiffs Djon and Zoja Pjetri. Since they were not party plaintiffs, the court struck these awards as a matter of law.

. Cf., Public Authorities Law § 1212 (6) (interest against the New York City Transit Authority at 3%), § 1276 (5) (interest rate against the Metropolitan Transportation Authority at 4%).

. The court notes the numerous instances annexed to plaintiffs’ opposing papers in which the County Clerk has assessed interest at 9%. Defendant H.H.C. has annexed copies of judgments in which the interest rate was assessed at 3%. Plaintiffs have not shown wrongful conduct such as to warrant estoppel against a governmental body (see, Bender v New York City Health & Hosps. Corp., 38 NY2d 662 [1976]).