■ Dwight Carson, Respondent, v New York City Health and Hospitals Corporation, Appellant, et al., Defendants.— Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 5, 1990, upon a jury verdict, in favor of plaintiff and against defendant New York City Health and Hospitals Corporation in the sum of $7,703,990.53, inclusive of costs and disbursements, unanimously affirmed, without costs.

Plaintiff, 38 years old at the time he came under defendant New York City Health and Hospitals Corporation's care for pain in his lower back, numbness and a tingling sensation in his arms was rendered a paraplegic by defendant's medical malpractice. On appeal defendant argues that it was deprived of a fair trial by the trial court's undue intervention in the questioning of witnesses. While the court did question numerous witnesses for both the defense and plaintiff, the questions were intended to clarify the testimony and expedite the proceedings in this complex medical malpractice case, and did not interfere with the presentation of evidence or the cross-examination of witnesses. Nor did the court display bias or prejudice against any party (see, Pallotta v West Bend Co., 166 AD2d 637). We also reject defendant's contention that the jury's award, as reduced by the Trial Justice pursuant to a post trial motion, deviates materially from what would be reasonable compensation (CPLR 5501 [c]; 5522; Christopher v Great Atl. & Pac. Tea Co., 161 AD2d 274, rearg denied 166 AD2d 334, lv denied 76 NY2d 1003).

Though technically not before the Court, the appeal also brings up for review plaintiff's argument that interest on the judgment should have been calculated at the rate of 9%, a claim we previously declined to reach on the merits due to jurisdictional concerns in Pjetri v New York City Health & Hosps. Corp. (169 AD2d 100, affg on jurisdictional grounds only 147 Misc 2d 636). Neither CPLR 5004 nor General

Municipal Law § 3-a mandate a 9% rate against this defendant. CPLR 5004 provides that the interest rate shall be 9% "except where otherwise provided by statute." General Municipal Law § 3-a (1) provides that the rate of interest on judgments and accrued claims against municipal corporations such as defendant *(see, Brennan v City of New York,* 59 NY2d 791), shall not exceed 9% a year, thereby setting a maximum upper limit without mandating 9% as the only rate that can be charged. (In fact, General Municipal Law § 3-a [2] provides for a 6% interest rate in wrongful death suits *[compare,* McKinney's Uncons Laws of NY § 7401 (5) (New York City Health and Hospitals Corporation Act § 20 [5]; L 1969, ch 1016, § 1, as amended)].) Finally, McKinney's Unconsolidated Laws of NY § 7401 (5) provides that the "rate of interest to be paid by the [defendant] * * * shall not exceed three per centum per annum." Pursuant to general principles of construction *(People v Lawrence,* 64 NY2d 200, 204), we are constrained to apply the 3% interest rate specifically applicable to this municipal corporation. Had the Legislature intended that all governmental bodies pay interest at a uniform rate of 9% as suggested by the *Pjetri* court (147 Misc 2d, *supra,* at 639), it would have amended McKinney's Unconsolidated Laws of NY § 7401 (5) accordingly.

We have considered the remaining claims of the parties and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.