■ HERBERT MESSINGER et al., Appellants, v THE MOUNT SINAI MEDICAL CENTER et al., Respondents. [789 NYS2d 132]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 29, 2002, dismissing the complaint as brought against defendants Mount Sinai Medical Center and Urken, and as brought individually against all defendants, and on verdict rendered after jury trial in favor of defendants Baumlin, Hammer and Fisher, unanimously affirmed, without costs.

The "trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (Campbell v Rogers & Wells, 218 AD2d 576, 579 [1995]). Our review of the record reveals that plaintiff was not deprived of a fair trial or the right to present his case by the trial court's intervention in the questioning of witnesses (see Lewis v Port Auth. of N.Y. & N.J., 8 AD3d 205 [2004]) or by an asserted display of bias by the court (Carson v New York City Health & Hosps. Corp., 178 AD2d 265 [1991]).

Reversal is not warranted based on the introduction of limited testimony concerning the violent conduct of family members in the emergency room after they learned that the decedent had died. Even if the court erred in this regard, any prejudice was ameliorated by its instruction to the jury (*see ISS Intl. Serv. Sys. v Pastreich Realty Org.*, 194 AD2d 378 [1993]).

Nor did the court improvidently exercise its discretion in refusing to grant plaintiff a continuance or allow him to introduce rebuttal testimony (*see Rosseland v Hospital of Albert Einstein Coll. of Medicine*, 158 AD2d 409 [1990]). Furthermore, plaintiff has not demonstrated that but for the alleged evidentiary errors, he would have prevailed on the merits of the malpractice claim.

We have considered plaintiff's other arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and Williams, JJ.