Rel: December 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

————————————————

### SC-2025-0424

————————————————

## Frank Thomas Shumate, Jr.

## v.

## Berry Contracting, L.P., d/b/a Bay, Ltd.

## Appeal from Baldwin Circuit Court
## (CV-20-900089)

SELLERS, Justice.

Frank Thomas Shumate, Jr., appeals from the Baldwin Circuit

Court's order denying Shumate's motion, filed pursuant to Rule 60(b)(5),

Ala. R. Civ. P., seeking relief from a judgment in favor of Berry Contracting, L.P., d/b/a Bay, Ltd. ("Bay Ltd."), which was entered by a Texas state court and later domesticated by Bay Ltd. in the Baldwin Circuit Court. We affirm the circuit court's order.

The business relationship of Shumate and Bay Ltd. has resulted in what Shumate describes in his brief to this Court as "a long history of complicated litigation" in Texas. Shumate's brief at 12. In 2012, Bay Ltd. sued Shumate in Texas, seeking a judgment against Shumate awarding Bay Ltd. compensation and punitive damages for what Bay Ltd. alleged was fraud committed by Shumate and other parties. After a jury trial, Shumate was found liable to Bay Ltd., and a judgment was entered against Shumate awarding Bay Ltd. $871,090.47 in actual damages, $4,480,452.35 in punitive damages, $602,253.60 in attorney fees, and prejudgment and postjudgment interest at a rate of 5.5% per annum ("the Texas judgment").

Shumate appealed from the Texas judgment and, pursuant to Texas procedure, posted a bond in the amount of $1,000,000 to stay enforcement of the Texas judgment pending Shumate's appeal. In January 2020, while Shumate's appeal was pending in Texas, Bay Ltd.

filed a "notice of filing of foreign judgment" in the Baldwin Circuit Court, which requested the clerk of that court to make note of the Texas judgment in a docket reserved for domesticating foreign judgments. See, generally, § 6-9-230, et seq., Ala. Code 1975 (Alabama's version of the Uniform Enforcement of Foreign Judgments Act) ("the UEFJA"). The Baldwin Circuit Clerk subsequently issued a certificate of judgment certifying that Shumate was liable to Bay Ltd. for the above-referenced amounts.[1] Evidence of the domesticated judgment was placed in the records of the Baldwin Probate Court. Thereafter, Shumate requested the circuit court to stay enforcement of the domesticated judgment while Shumate's appeal was pending in Texas, but the circuit court denied that request.[2]

_____

[1]There has been no dispute that the procedures for domesticating a foreign judgment under the UEFJA were properly followed and that the Texas judgment has been domesticated under that act.

[2]Section 6-9-234(a), Ala. Code 1975, which is part of the UEFJA, provides:

"If the judgment debtor shows the circuit court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has

3

A Texas intermediate appellate court affirmed the Texas trial court's judgment. Shumate v. Berry Contracting, L.P., 693 S.W.3d 23 (Tex. App. 2021). However, in April 2024, the Supreme Court of Texas issued an opinion in the matter, Shumate v. Berry Contracting, L.P., 688 S.W.3d 872, 873 (Tex. 2024), stating that it was "revers[ing] the court of appeals' judgment" and remanding the matter to the Texas trial court to determine whether and how a "settlement credit" arising from a settlement between Bay Ltd. and an alleged coconspirator of Shumate should be deducted from the judgment against Shumate. The Texas

furnished the security for the satisfaction of the judgment required by the state in which it was rendered."

Although Shumate had posted an appeal bond sufficient under Texas law, the circuit court nevertheless denied Shumate's request for a stay, apparently relying on subsection (b) of § 6-9-234. That portion of § 6-9-234 provides that a stay on enforcing a domesticated judgment shall be entered "[i]f the judgment debtor shows the circuit court any ground upon which enforcement of a judgment of any circuit court of this state would be stayed" and the judgment debtor provides "the same security for satisfaction of the judgment which is required in this state" (which Shumate did not do). In any event, whether the circuit court should have entered a stay is not an issue in this appeal. We do note that the parties have represented that there have been no attempts to collect on the domesticated judgment, other than the domestication itself and the filing of evidence of the judgment in relevant probate records.

Supreme Court also directed the Texas trial court to "render a new judgment." Id. at 874.

In November 2024, Shumate filed his Rule 60(b)(5) motion in the circuit court, seeking relief from the domesticated judgment. Shumate pointed out in his motion that Rule 60(b)(5) allows a court to relieve a party from a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated," and he asserted that the Texas judgment had been reversed on appeal.

After multiple continuances, the circuit court set Shumate's 60(b)(5) motion for a hearing on April 4, 2025. The circuit court, however, entered an order denying Shumate's motion on March 12, 2025, without holding the scheduled hearing. Shumate timely appealed.

The parties agree that this Court's standard of review is limited to determining whether the circuit court exceeded its discretion in denying Shumate's Rule 60(b)(5) motion. See, e.g., Pollard v. Etowah Cnty. Comm'n, 539 So. 2d 225, 227 (Ala. 1989) ("Whether to grant or deny relief under Rule 60(b)(5) … is within the discretion of the trial judge, and the trial court's decision will not be reversed except for an abuse of that discretion."). Accordingly, we will apply that standard of review.

5

"[T]he purpose of the UEFJA 'is to give the holder of a foreign judgment the same rights and remedies as the holders of domestic judgments.' 30 Am. Jur. 2d Executions and Enforcements of Judgments § 778 (2005)." Pope v. Gordon, 922 So. 2d 893, 897 (Ala. 2005). A foreign judgment that has been domesticated under the UEFJA "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner." § 6-9-232, Ala. Code 1975. "Therefore, once the judgment is domesticated, [the party resisting enforcement of the domesticated judgment] must resort to procedures applicable to any other judgment originally entered by a circuit court in order to set it aside." Greene v. Connelly, 628 So. 2d 346, 350 (Ala. 1993), abrogated on other grounds by Ex parte Full Circle Distrib., L.L.C., 883 So. 2d 638 (Ala. 2003).

Bay Ltd. has argued that Shumate cannot demonstrate reversible error on the part of the circuit court in this case because, Bay Ltd. says, a Rule 60(b)(5) motion is not the proper procedural vehicle for addressing a domesticated judgment that has been reversed on appeal in the foreign jurisdiction. Granted, this Court has "recognized that filing a Rule 60(b)

6

motion is the proper procedure for challenging the validity of a foreign judgment that has been domesticated in Alabama." Ex parte Lyon Fin. Servs., Inc., 775 So. 2d 181, 183 (Ala. 2000). But, in support of the above-quoted statement, the Court in Lyon Financial Services pointed to Greene v. Connelly, supra, in which this Court indicated that a motion filed under Rule 60(b)(4), which allows a party to seek relief from a "void" judgment, was the appropriate procedural vehicle to challenge the validity of a domesticated foreign judgment based on an allegation that the foreign tribunal that entered the judgment lacked personal jurisdiction over the judgment debtor. Greene, 628 So. 2d at 350-51. See also Afassco, Inc. v. Sanders, 142 So. 3d 1119, 1122 (Ala. 2013) (suggesting that a motion under Rule 60(b)(4) is the appropriate procedural vehicle for challenging a domesticated foreign judgment on the ground that the foreign tribunal lacked personal jurisdiction over the judgment debtor); Ex parte Trinity Auto. Servs., Ltd., 974 So. 2d 1005, 1009 (Ala. Civ. App. 2006) ("Both our Supreme Court and [the Alabama Court of Civil Appeals] have held that the appropriate procedural mechanism by which to collaterally attack a foreign judgment on the basis that the judgment is void for lack of jurisdiction is by a motion filed

7

pursuant to Rule 60(b)(4)."). The parties have not pointed the Court to any precedent indicating that Rule 60(b)(5), upon which Shumate relied in his motion seeking relief from the domesticated Texas judgment, provides the appropriate procedural mechanism to address a domesticated judgment that, after domestication, has been reversed or vacated by the foreign tribunal.

Rule 60(b) provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: … (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application …."

(Emphasis added.) In his motion for relief from the domesticated judgment, Shumate relied on the above-emphasized language. For its part, Bay Ltd. asserts in its brief to this Court that the use of that particular portion of Rule 60(b)(5) is "especially rare" and that it applies primarily, if not exclusively, to a judgment that is based on the res judicata or collateral-estoppel effect of a prior separate judgment that is later reversed or vacated. Bay Ltd.'s brief at 17. See, generally, Othni Lathram & Anil A. Mujumdar, Lexis Nexis Practice Guide: Alabama

8

Civil Procedure § 12.39 (Matthew Bender 2025) (stating that Rule 60(b)(5)'s reference to relief from a judgment that is based upon another judgment "refers principally, if not exclusively, to a judgment effectively predetermined by the preclusive effect of a prior judgment"). See also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2863 (3d ed. 2012) (stating that the analogous portion of the Federal Rules of Civil Procedure "is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion"); NHS Mgmt., LLC v. Wright, 24 So. 3d 1153, 1156 (Ala. Civ. App. 2009) (citing Marshall v. Board of Educ. of Bergenfield, N.J., 575 F.2d 417, 424 (3d Cir. 1978), which quoted 11 C. Wright & A. Miller, Federal Practice and Procedure § 2863 (1973), for the same proposition).

In its opposition to Shumate's Rule 60(b)(5) motion, Bay Ltd. argued to the circuit court as follows:

> "By the plain language of Rule 60(b)(5), there must be two judgments (one based on the other) and the earlier one must have been reversed or otherwise vacated. [The circuit court] has before it a domestication of a foreign judgment. It does not represent a separate judgment. See Wright[ v. Trust Co. Bank, 219 Ga. App. 551, 552, 466 S.E.2d 74, 75 (1995)] (a domestication proceeding 'is not a new action'). So,

9

necessarily, there is no 'prior judgment upon which [the domesticated judgment] is based.'"

(Footnote omitted.) The circuit court denied Shumate's Rule 60(b)(5) motion, suggesting that the court agreed with Bay Ltd.'s reasoning that there must be two separate judgments, one based on the other, and its assertion that the domestication of a foreign judgment does not create a second judgment independent of the foreign judgment.[3]

On appeal, Shumate does not convincingly refute Bay Ltd.'s assertion that, to obtain relief from a judgment under Rule 60(b)(5), there necessarily must be two separate judgments. Rather, he appears to suggest that a domesticated foreign judgment is indeed a "second judgment" for purposes of Rule 60(b)(5). Shumate's brief at 22. But he

---

[3]We acknowledge Bay Ltd.'s alternative position that the Texas judgment was not actually "reversed or otherwise vacated" as that language is used in Rule 60(b)(5) because, Bay Ltd. asserts, the Supreme Court of Texas's opinion did not expressly address the portion of the Texas judgment finding Shumate liable and instead discussed only the possibility of applying a settlement credit to reduce the amount of the award against Shumate. See, generally, Everson v. Everson, 494 Pa. 348, 431 A.2d 889 (1981) (refusing to strike a domesticated judgment that, after domestication, was reversed in the rendering jurisdiction as to the monetary award but affirmed as to liability). Because of this Court's rationale in affirming the circuit court's order denying Shumate's Rule 60(b)(5) motion, there is no need to consider that argument further.

does not point to any authority, from Alabama or any other jurisdiction, construing a provision like Rule 60(b)(5) in the context of obtaining relief from a domesticated foreign judgment, and he does not offer a compelling argument that, in general, procedures for domesticating foreign judgments in Alabama or elsewhere suggest that a "second" judgment is created upon domestication. "[I]t is not the function of this Court to … address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." Dykes v. Lane Trucking, Inc., 652 So. 2d 248, 251 (Ala. 1994).

Shumate also points out that, in addition to allowing for relief from "judgments," Rule 60(b)(5) allows parties to seek relief from "proceedings." In turn, he points to Black's Law Dictionary 1459 (12th ed. 2024) for the proposition that a "proceeding" can be an act or step that is part of a larger action, including the enforcement of a judgment, and he asserts:

> "This domestication action, together with the attendant Baldwin County court filings and recordations, is part of a larger action (the Texas litigation) and of the execution or enforcement of the Texas judgment, and it is thusly a proceeding that is based upon the Texas trial court judgment that has been reversed."

11

Shumate's brief at 23. Accordingly, he suggests that Rule 60(b)(5) entitles him to relief from the present "proceedings."

First, Shumate did not clearly articulate this "proceedings" argument to the circuit court until he filed what he claimed was a Rule 59, Ala. R. Civ. P., postjudgment motion after the denial of his Rule 60(b)(5) motion for relief from judgment.[4] In the prayer for relief in Shumate's Rule 60(b)(5) motion, he asked the circuit court to set aside the domesticated "judgment." Relevant to that point, Shumate notes that the circuit court denied his Rule 60(b)(5) motion before the date set for the hearing and that, therefore, he did not have an opportunity to "supplement" his motion to include his argument regarding

---

[4]The trial court did not rule on this motion. We note this Court's holding that, "[a]fter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to 'reconsider' or otherwise review its order denying the Rule 60(b) motion …." Ex parte Keith, 771 So. 2d 1018, 1022 (Ala. 1998). See also Ex parte Caterpillar Fin. Servs. Corp., 344 So. 3d 326, 329 (Ala. 2021) (indicating that a trial court cannot consider a motion to "reconsider" that is essentially the same as a previously denied Rule 60(b) motion). Regardless, even assuming the trial court could consider Shumate's second motion, he has not demonstrated that the trial court erred in failing to grant it.

12

"proceedings." But, in his postjudgment motion, Shumate did not seriously object to the circuit court's ruling on his Rule 60(b)(5) motion without holding a hearing, and he did not assert that, considering the circumstances, he should be allowed to supplement that motion. Rather, his postjudgment motion concentrated primarily on the merits of his argument that the judgment upon which the domesticated judgment is allegedly based has been reversed. Moreover, Bay Ltd. filed its opposition to Shumate's motion for relief from judgment, in which Bay Ltd. argued that Rule 60(b)(5) requires two judgments, in December 2024, and the final hearing date set was April 4, 2025. The circuit court entered its order denying Shumate's Rule 60(b)(5) motion on March 12, 2025. At no point in the interim did Shumate seek to supplement his motion to respond to Bay Ltd.'s "two-judgments" argument. Although Shumate claims in his brief to this Court that he understood that he would have a chance to make additional arguments "at any time prior to [the scheduled] hearing" or at the hearing itself, Shumate's brief at 27, he does not point to anything in the record to support that understanding. Finally, Shumate does not present much in the way of precedent from

13

Alabama or other jurisdictions that would support his argument regarding Rule 60(b)(5)'s reference to "proceedings."[5]

Shumate also asks the Court to apply Rule 60(b)(4) or (6), as opposed to Rule 60(b)(5), as a basis for reversing the circuit court's order. Respectively, those rules allow for relief from a judgment if it is void or if there is "any other reason justifying relief from the operation of the judgment." But, in his motion for relief from the domesticated judgment,

---

[5]Shumate relies on <u>Mansfield State Bank v. Cohn</u>, 58 N.Y.2d 179, 446 N.E.2d 768, 460 N.Y.S.2d 12 (1983), an opinion of the Court of Appeals of New York. In that case, a Texas judgment creditor domesticated a Texas judgment in New York. But, when an intermediate appellate court in Texas reversed the judgment, the judgment creditor voluntarily filed a motion requesting that the New York trial court vacate the domestication of the Texas judgment, which was granted. When the Texas judgment was later reinstated by the Texas Supreme Court, the creditor sought to domesticate the judgment again in New York, but to have it backdated to the date of the original domestication (in an effort to gain priority over other creditors). That effort failed, and the Court of Appeals of New York affirmed, holding that the vacatur of the original domestication rendered that domestication a nullity. <u>Mansfield</u> is of little or no help in this case. It has nothing to say about whether a Rule 60(b)(5) motion is the appropriate procedural vehicle to utilize when a domesticated foreign judgment is reversed in the jurisdiction in which it was entered. At one point in his brief, Shumate asks the Court to "treat [his] Rule 60 Motion as a Motion to Vacate (as suggested in the <u>Mansfield</u> ruling)." Shumate's brief at 26. But even if the Court was inclined to do so, the vacatur in <u>Mansfield</u> was done with the consent of all the parties, including the judgment creditor. That is not the case here.

Shumate relied exclusively on the portion of Rule 60(b)(5) dealing with the reversal of a judgment upon which another judgment is based. Although, as noted, Shumate claims that he did not have an opportunity to supplement his motion to include additional arguments because the circuit court denied the motion without holding the hearing it had scheduled, his claim that additional arguments should be entertained now for that reason is, considering the circumstances, not persuasive. Moreover, even in his postjudgment motion, Shumate noted only that Rules 60(b)(4) and (6) exist. He did not expand on those provisions and instead concentrated on Rule 60(b)(5).

Even assuming that Shumate may argue "at any time" that the domesticated judgment is "void," See, e.g., Person v. Person, 236 So. 3d 90, 100 (Ala. Civ. App. 2017) (stating that "[a]n objection that a judgment or order is void may be raised for the first time on appeal"), we are not convinced that a domesticated judgment automatically becomes "void," as that term is used in Rule 60(b)(4), if the judgment is reversed in the foreign jurisdiction. Even Shumate's brief to this Court suggests that a "void" judgment under Rule 60(b)(4) is one that was entered by a tribunal without jurisdiction, and that is not the case here. See Shumate's brief

15

at 29 ("Alabama case law addresses subsection (4) [of Rule 60(b)] primarily, if not exclusively, in the context of a challenge to the underlying judgment on jurisdictional grounds (lack of service, etc.).").

Finally, Shumate asserts that the United States Constitution's Full Faith and Credit Clause, which Shumate notes is embodied in the purpose and spirit of the UEFJA, required the circuit court to grant Shumate relief from the domesticated judgment. However, it does not appear that this particular argument was actually developed in the circuit court. As far as this Court can tell, the term "full faith and credit" does not appear anywhere in the record.

We cannot say that Shumate has demonstrated that the circuit court exceeded its discretion in denying Shumate's Rule 60(b)(5) motion for relief from judgment. Accordingly, the order of the circuit court is due to be affirmed.

AFFIRMED.

Wise and Mendheim, JJ., concur.

Shaw and McCool, JJ., concur in the result.

Bryan, J., dissents.

Cook, J., dissents, with opinion, which Stewart, C.J., joins.

16

COOK, Justice (dissenting).

A judgment from a sister state that has been reversed should not be enforceable in Alabama. To conclude otherwise would go against constitutional, statutory, and procedural rules that are designed to protect parties from such inequitable outcomes. Thus, for the reasons stated below, I must respectfully dissent from our Court's decision today.

To summarize the complicated facts of this case, Bay Ltd. secured a significant judgment in 2019 against Shumate in a Texas court for $5,953,796.42, excluding interest ("the Texas judgment"). While Shumate's appeal from that judgment was pending in a Court of Appeals of Texas, Bay Ltd. filed a "notice of filing of foreign judgment" in the Baldwin Circuit Court pursuant to Alabama's version of the Uniform Enforcement of Foreign Judgments Act ("the UEFJA"), § 6-9-230 et seq., Ala. Code 1975. The Baldwin Circuit Clerk subsequently issued a certificate of judgment certifying that the Texas judgment against Shumate had been domesticated and was, thus, enforceable against him in Alabama. Around that time, the Texas appellate court affirmed the Texas trial court's judgment. See Shumate v. Berry Contracting, L.P., 693 S.W.3d 23 (Tex. App. 2021).

17

Later, however, the Supreme Court of Texas "reverse[d] the [Texas] court of appeals' judgment, and remand[ed] the case to the trial court," after concluding that Shumate was entitled to a settlement credit against the jury's verdict based on a prior agreement between the parties. Shumate v. Berry Contracting, L.P., 688 S.W.3d 872, 873 (Tex. 2024) (emphasis added). The Supreme Court of Texas also ordered the trial court to "render a new judgment." Id. at 874.[6] According to the record before us, the Texas trial court has not yet rendered a new judgment.

To emphasize the point, the Texas judgment is currently not enforceable in Texas. Yet, as a result of our decision today, the Texas judgment is enforceable in Alabama.

As explained below, allowing this domesticated judgment to stand when the Texas judgment has been reversed is illogical and is inconsistent with the Constitution's Full Faith and Credit Clause, the UEFJA, and Rule 60(b)(5), Ala. R. Civ. P. It is for this reason that I would

---

[6]In particular, the Texas Supreme Court ordered the trial court to consider whether the settlement credit had any effect on Bay Ltd.'s award, stating: "On remand, the trial court should determine the appropriate amount of the settlement credit to be applied; consider the parties' arguments regarding the settlement credit's effect, if any, on the remainder of the relief to which Bay may be entitled; and render a new judgment." Id. at 873-74.

reverse the Baldwin Circuit Court's order denying Shumate's Rule 60(b)(5) motion.

### I. Today's Decision is Contrary to the Full Faith and Credit Clause of the United States Constitution and the UEFJA

The Full Faith and Credit Clause of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." United States Const., Art. IV, § 1. Our Court has previously recognized that this provision "requires courts in Alabama to give full faith and credit to the judicial proceedings of every other State." Ex parte Space Race, LLC, 357 So. 3d 1, 4 (Ala. 2021) (citing United States Const., Art. IV, § 1)).

One way in which courts in Alabama do this is through domestication of foreign judgments pursuant to the UEFJA. "[T]he purpose of the UEFJA 'is to give the holder of a foreign judgment[7] the same rights and remedies as the holders of domestic judgments.'" Pope

---

[7]A "foreign judgment" under the UEFJA is "'any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.'" Package Express Ctr., Inc. v. Maund, 957 So. 2d 1137, 1140 (Ala. Civ. App. 2006) (quoting § 6-9-231, Ala. Code 1975).

v. Gordon, 922 So. 2d 893, 897 (Ala. 2005) (quoting 30 Am. Jur. 2d Executions and Enforcements of Judgments § 778 (2005)) (emphasis added).

Our Court has previously explained that "'[t]he validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered.'" Orix Fin. Servs., Inc. v. Murphy, 9 So. 3d 1241, 1244 (Ala. 2008) (quoting Morse v. Morse, 394 So. 2d 950, 951 (Ala. 1981)) (emphasis added). Thus, to determine whether the Texas judgment in this case is enforceable in Alabama following its "reversal" by the Supreme Court of Texas, we must look to Texas law.

The Supreme Court of Texas has made clear that

> "[w]hen we have reversed a trial court's original judgment, that judgment is ineffective and unenforceable; this is no more or less true whether we then render judgment ourselves or remand the case to the trial court to render judgment in accordance with our opinion. It is the reversing of the judgment, rather than the rendering of a new judgment or the remanding of the case, that makes the original judgment ineffective."

Phillips v. Bramlett, 407 S.W.3d 229, 240 (Tex. 2013) (emphasis added).[8]

---

[8]This statement arose in the context of a discussion on when postjudgment interest accrues. Even though a reversal nullifies the original judgment, Texas law provides that interest continues to accrue from the date of that original (though erroneous) judgment, because the

See also Min v. H & S Crane Sales, Inc., 472 S.W.3d 773, 777 (Tex. App. 2015) (noting that "[a] reversed judgment is ineffective and unenforceable"); cf. Birmingham Elec. Co. v. Alabama Pub. Serv. Comm'n, 254 Ala. 119, 127, 47 So. 2d 449, 454 (1950) (collecting cases dating back to 1845, including Dupuy v. Roebuck, 7 Ala. 484, 486 (1845) (dictating that a reversed judgment "'becomes mere waste paper'"), and Barringer v. Burke, 21 Ala. 765, 771 (1852) (opining that a reversed judgment is "of no more force or virtue than if it had never existed" and "is regarded as a mere nullity")).

In this case, the Supreme Court of Texas reversed the Texas judgment.[9] Because Texas caselaw makes clear that such a reversal

---

judgment entered on remand is treated as the judgment that should have been entered in the first place.

[9]It is immaterial whether the Supreme Court of Texas included instructions for the trial court to potentially modify the damages calculation in its decision, and Bay Ltd.'s argument to the contrary is illogical. What if Bay Ltd. now collects the full amount of the reversed judgment through enforcement of the Alabama judgment -- but the Texas trial court eventually computes the damages at 50% of what was awarded in the reversed judgment? Would Bay Ltd. voluntarily refund the excess to Shumate? Would it owe interest on the value of any improperly seized assets and funds? What if the damages are reduced by 50% by the Texas trial court and there has been no collection, would Bay Ltd. still insist upon collecting the full amount of the reversed judgment in Alabama? Would it, at least then, consent to a reduction of the Alabama judgment?

renders the "original judgment … ineffective," <u>Phillips</u>, 407 S.W.3d at 240, there is no longer any "foreign <u>judgment</u>" to recognize and enforce in Alabama. This conclusion is consistent with both the Full Faith and Credit Clause, which obligates Alabama courts to honor only valid judgments from sister states, and the UEFJA, which presupposes the existence of an enforceable foreign judgment before domestication of such a judgment. As our Court has previously explained, the purpose of the UEFJA "'is to give the holder of a foreign judgment the <u>same rights and remedies</u> as the holders of domestic judgments,'" <u>not greater rights and remedies</u>. <u>Pope</u>, 922 So. 2d at 897 (emphasis added). Without a valid foreign "judgment," the Baldwin Circuit Court currently has nothing to enforce here.

## II. Relief from a Domesticated Foreign Judgment is Permitted under Rule 60(b)(5), Ala. R. Civ. P.

Because the Texas judgment was reversed and, under Texas law, is no longer deemed enforceable, Shumate properly sought relief from the related, domesticated judgment in Alabama. As explained in the main

---

What if the damages are reduced to $0 by the Texas trial court? Bay Ltd. does not consider any of these questions in making its argument.

22

opinion, Shumate filed a Rule 60(b)(5), Ala. R. Civ. P., motion in the circuit court seeking an order "VOIDING the Judgments and/or Abstracts" in light of the Texas Supreme Court's opinion "revers[ing]" the Texas judgment and "remand[ing] … for further proceedings and a new judgment." In support of his motion, Shumate pointed out that Rule 60(b)(5) allows a court to relieve a party from a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated."

Rule 60(b) provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: … (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application …."

(Emphasis added.)

Although the main opinion acknowledges that our Court has previously recognized that "'filing a Rule 60(b) motion is the proper procedure for challenging the validity of a foreign judgment that has been domesticated in Alabama,'" ____ So. 3d  at ____ (quoting Ex parte Lyon Fin. Servs., Inc., 775 So. 2d 181, 183 (Ala. 2000)), it notes that our Court has never expressly applied this principle in the context of a Rule 60(b)(5)

23

motion. Further, echoing the arguments of Bay Ltd., the main opinion holds that the Texas judgment is not really a "prior judgment upon which" the Alabama judgment "is based" because it is, in effect, the <u>same judgment</u> as the Alabama judgment and therefore cannot be a "prior judgment." ____ So. 3d at ____.

The plain language of Rule 60(b)(5) refutes this position.[10]

_____

[10]Rule 60(b)(5) provides that an Alabama judgment can be vacated when a "prior judgment upon which it is based has been reversed." The "prior judgment" here is the Texas judgment. The Alabama judgment was "based" "upon" that prior judgment, and the Texas judgment "has been reversed." I see nothing in the text of Rule 60(b)(5) that draws the distinction that is drawn by the main opinion.

A contrary reading of this rule is circular and illogical. The actions in Texas and in Alabama are not literally the same action. They are two separate legal proceedings and bear two separate civil-action numbers. <u>If they were literally the same civil action, there would be no need for a Rule 60(b) motion</u>. And, why would Rule 60(b)(5) apply between separate civil actions in Alabama but not between separate civil actions in Alabama and Texas?

More fundamentally, why would Rule 60(b)(5) apply only in situations when there are two separate judgments but not in situations when the judgment itself has been reversed? In my view, the application of Rule 60(b)(5) is stronger when the judgment itself has been reversed.

Moreover, conceptually, Rule 60(b) should have some mechanism for setting aside a domesticated judgment when the rendering state has reversed its judgment. This wording of Rule 60(b)(5) naturally fits this procedural situation. If our Court were to hold that no part of Rule 60(b) has such a mechanism, I would strongly advocate for amending the rule.

24

However, we do not need to reach this question because there is, at least, one other prong of Rule 60(b)(5) that justifies relief here.

The text of Rule 60(b)(5) states that relief is available when "it is no longer equitable that the judgment should have prospective application." (Emphasis added.) Our Court has previously explained that "Rule 60(b)(5) permits a trial court to relieve a party from a final judgment 'when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable.'" Ex parte Huntingdon Coll., 386 So. 3d 28, 35-36 (Ala. 2023) (quoting Satterfield v. Winston Indus., Inc., 553 So. 2d 61, 63 (Ala. 1989)).

In the present case, the reversal of the Texas judgment created a new circumstance in which the domesticated judgment could no longer be deemed effective. In my view, the extraordinary circumstance of reversal falls within the equity prong of Rule 60(b)(5), and it would be "inequitable" to permit the continued enforcement of a domesticated judgment in Alabama that is based on a judgment from a sister state that has been expressly reversed.[11] It is for these reasons that I believe that

---

[11]Such a result could also have broader implications on other enforcement measures Bay Ltd. Might employ. Those enforcement measures could include garnishments, executions against property, and

25

Shumate is entitled to relief from the domesticated judgment here pursuant to Rule 60(b)(5).[12]

III. Conclusion

In sum, enforcing the now-reversed Texas judgment in Alabama is contrary to the United States Constitution's Full Faith and Credit Clause, which requires states to honor only valid and enforceable judgments from sister states. It also undermines the purpose of the UEFJA, which was never intended to continue to enforce a domesticated foreign judgment that is no longer enforceable in the rendering state. Based on the foregoing, the continued enforcement of the domesticated foreign judgment in this case would be inequitable, and Shumate

---

imposition of liens. Each of those measures would rest on a foreign judgment that has been reversed and nullified in Texas.

[12]I need not reach the question of whether the Texas judgment has, in effect, been "discharged," which could be another textual basis for relief under Rule 60(b)(5). A discharge is "[a]ny method by which a legal duty is extinguished; esp., the payment of a debt or satisfaction of some other obligation." Black's Law Dictionary 581 (12th ed. 2024). It is likely that the reversal of the Texas judgment extinguished the legal duty created by that judgment and that only a new judgment from the Texas trial court could impose a new obligation against Shumate. As the Supreme Court of Texas explained, when it "reverse[s] a trial court's original judgment, that judgment is ineffective and unenforceable." Phillips, 407 S.W.3d at 240 (emphasis added).

properly sought relief from that judgment pursuant to Rule 60(b)(5). It is for these reasons that I respectfully dissent.[13]

Stewart, C.J., concurs.

---

[13]I note that Shumate's failure to receive relief on this Rule 60(b) motion does not foreclose his right to seek relief again under Rule 60(b) in the future (or his ability to file an independent action collaterally attacking the domesticated judgment), especially if Bay Ltd. should attempt to enforce the reversed Texas judgment in Alabama or if the Texas courts alter or vacate the damages award in any way.